C. L. TENNANT, Appellant, v. H. F. KUHLEMEIER,
Appellee.

**County attorneys:** ENFORCEMENT OF MULCT TAX: CONSTRUCTION OF
1  STATUTES. The proceeding to remove a county attorney for
wilfully neglecting to enforce the provisions of the mulct tax
is penal in character, and the statute relating thereto will be
strictly construed.

**Same:** CONSTRUCTION OF STATUTES: INTENT OF CODE COMMISSION.
2  The opinions, motives or purposes of individual legislators, re-
marks made in debate, or the intention of draftsmen in framing a
statute are too uncertain to be considered by the court in its
construction.   Under this rule the intent of the Code Commis-
sion as shown by its reports having reference to the statutes re-
lating to intoxicating liquors, while perhaps admissible, is not
controlling in the construction of the statutes as finally adopted
by the legislature.

**Same:** REMOVAL OF COUNTY ATTORNEY: STATUTES. It is held by a
3  divided court that a county attorney can not be removed under
Code, section 2446, for failure to prosecute persons selling
intoxicating liquors without complying with the provisions of the
mulct law; as that section is a part of and has relation to his
duties as prescribed in the chapter of which it is a part, which
are to see that the tax is levied, assessed and collected from all
persons, except pharmacists, dealing in liquors; and a prosecution
for selling without complying with the mulct law must be had
under the general prohibitory law of which section 2446 is not a
part.

Sherwin and Weaver, J. J., dissenting.   McClain, J., con-
curring.

*Appeal from Des Moines District Court.*—HON. JAMES D.
SMYTH, Judge.

SATURDAY, APRIL 10, 1909.

ACTION to remove the defendant, who is the county
attorney of Des Moines County, from office.   The trial

court sustained a demurrer to the petition, and plaintiff appeals.—*Affirmed.*

*H. W. Byers,* Attorney General, and *George Cosson,* Assistant Attorney General, for appellant.

*Seerley & Clarke, Poor & Poor, Tracy & Tracy, Lamonte Cowles, W. L. Cooper, C. H. Mohland* and *E. L. Hirsch,* for appellee.

DEEMER, J.—The action is brought under section 2446 of the Code, reading as follows: "It shall be the duty of the county attorney of each county to see that the provisions of this chapter relating to the mulct tax are enforced, and the district court or any judge thereof shall suspend or remove from office any county attorney who shall wilfully refuse or neglect to perform any such duty. Such suspension or removal may be made upon application of any citizen residing in the county, but shall not take place except upon due notice to said officer and trial in court, and the provisions of this section shall apply to assessors, county treasurers and members of the boards of supervisors whose duty it is to enforce them." The petition alleges that in the city of Burlington, in Des Moines County, there are over eighty saloons engaged in the sale of intoxicating liquors at retail; that only one of these had filed a bond with the county auditor as he might do to escape the penalties of the prohibitory law; that all kept open after ten o'clock at night, allowed women and intoxicated persons to enter their saloons, and various other violations of section 2448 of the Code relating to the bar of prosecutions under the general prohibitory liquor law. It is then averred that defendant, who is county attorney, has had personal notice of these facts, and had been orally notified that the various dealers in intoxicating liquors had been and were violating the law, and that many of them

had filed no bonds with the county auditor. It was also alleged:

That the said H. F. Kuhlemeier was on or about the 17th day of January, 1908, notified in writing that various persons engaged in the sale of intoxicating liquors at retail in the city of Burlington, Iowa, were violating the provisions of the mulct law, and that at the said time none of the persons so engaged in the sale of intoxicating liquor at retail in the city of Burlington, Iowa, had filed bonds with the county auditor of Des Moines County as by law provided; that at said time a demand was made upon the said H. F. Kuhlemeier, in the name of the Attorney General of Iowa, that the provisions of the law relating to the mulct tax be enforced in the county of Des Moines and State of Iowa; that thereafter, on the 12th day of February, 1908, H. W. Byers, Attorney General of Iowa, gave a written notice to the said H. F. Kuhlemeier demanding of him that he as county attorney of Des Moines County, Iowa, proceed in his official capacity to enforce the provisions of the mulct law relating to the sale of intoxicating liquors, and the provisions of chapter 6, title 12, Code, relating to the mulct tax.

The prayer is that the defendant be removed from his office. The demurrer is grounded upon the proposition that defendant has not refused to perform any of his duties with reference to the mulct tax, and that it does not appear that the saloon keepers in the city of Burlington had not paid the mulct tax as required by the mulct law.

The case presents nothing for our consideration save the proper construction of the section of the Code quoted. General provisions are made for the removal of all county, township, city and town officers. See sections 1251 *et seq.,* Code (but this action is not under these sections), and there is also a section 2428 of the Code which has some relevancy to the matter now in hand. It reads:

1. COUNTY AT-
TORNEYS: en-
forcement of
mulct tax:
construction
of statutes.

Peace officers shall see that all provisions of this chapter are faithfully executed within their respective jurisdictions, and when informed, or they have reason to believe, that the law has been violated, and that proof thereof can be had, they shall file an information to that effect against the offending party before a magistrate, who shall thereupon proceed according ·to law. Upon trials of such causes, the county attorney shall appear for the State, unless some other attorney, selected by the peace officer who filed the information, shall have previously appeared. Any peace officer failing to comply with the provisions of this section shall pay a fine of not less than ten nor more than fifty dollars, and a conviction shall work a forfeiture of his office. Every peace officer shall give evidence, when called upon, of any facts within his knowledge tending to prove a violation of the provisions of this chapter, but his evidence shall in no case be used against him in any criminal prosecution. The attorney selected by a peace officer in accordance with the provisions of this section shall receive, for prosecuting such charge before a justice of the peace, five dollars, to be taxed as costs in the case.

Remembering that this proceeding is penal or *quasi* criminal in character, the statute must perforce be given a strict construction, and nothing can be added thereto by inference or intendment.

The Attorney General, overlooking this rule, practically concedes that the statute as it is now found in the Code does not reach the case as made by the petition; but

2. SAME: construction of statutes: intent of Code Commission.

he contends that the original act before its incorporation into the Code· was broad enough to cover the case, and that the decision should be governed by that act rather than by the section of the Code as it now appears. He refers to the report of the Code Commission with reference to the intoxicating liquor statutes, reading as follows: "Several successive acts covering almost the entire ground have been passed by the General Assembly since the adoption of the Code. The effort is here made to bring the stat-

utes on the subject into one uniform system, embodying the law as it now is, for which purpose it has been necessary to largely rewrite the sections. It is believed that every feature of the prohibitory law as at present in force is effectually preserved"—and this special report, relating to sections 52 to 67 of what is called the mulct tax law. "These sections, covering the Twenty-Fifth General Assembly (page 63, chap. 62, Mulct Tax Law), are designed to present the principle and policy of that statute in a more harmonious and effectual form without altering its general spirit." From this he argues that the commissioners had no intent to change the law, and, *a fortiori,* that the Legislature had no such intent. There would be much force in this position if the language used in the Code were doubtful or capable of more than one construction. It is a well-known rule that the so-called legislative intent in the passage of any given act is a very uncertain guide whereby to interpret a statute, and so it is held that the opinions of individual legislators, remarks on the passage of an act or the debates accompanying it, or the motives or purposes of individual legislators, or the intention of the draughtsman are too uncertain to be considered in the construction of statutes. See cases cited in 26 Am. & Eng. Ency. of Law, 638, 639. Moreover, it is generally held that the legislative history of an act is inadmissible. *Pennsylvania Bank v. Commonwealth,* 19 Pa. 156; *Mason v. Township,* 68 N. J. Law, 149 (52 Atl. 568); *State v. Cable Co.* (N. J.) 18 Atl. 581; *Cable Co. v. Atty. Gen.,* 46 N. J. Eq. 270 (19 Atl. 733, 19 Am. St. Rep. 394). The Code Commission was nothing more than the draughtsman of the act, and its intent, although perhaps admissible, will not control over the bills as finally adopted by the Legislature.

Going now to the exact language of the act under consideration, it will be observed that the county attorney is to see that the provisions of the chapter (chapter 6,

title 12, Code) relating to the mulct tax are enforced; and
it will also be noted that the provisions of
the section are expressly made applicable to
assessors, county treasurers, and members of
the board of supervisors, whose duty it is to enforce them.
The word "them" in the last line of this act has direct
reference to the provisions of the chapter relating to the
mulct tax and to nothing else, and is very significant, in
that it indicates beyond all peradventure that the duty
referred to is common to all the officials named.   It is
perfectly plain that the assessor, county treasurer, and mem-
bers of the board of supervisors have nothing to do with
the enforcement of the penal part of the mulct law stat-
ute.   But they have very evident duties with reference to
the assessment, levy and collection of the mulct tax; and
the use of the words "mulct tax" has great significance
when applied to these officials; because, with reference to
this tax, they have duties to perform which are strictly
enjoined upon them, not only by section 2432 *et seq.* of
the Code as it originally stood, but by the amendments
thereto found in the Code Supplement as sections 2433,
2435, 2437, 2438 and 2439.   The statute then must be
given but one construction, whether applied to county at-
torneys or to the other officials named.   The language to
which we have just referred was not found in the original
act.   Compare section 15, chapter 62, Acts 25th General
Assembly, with section 2446, Code, and this change is
very significant.   Moreover, the mulct tax is to be assessed
against every one except holders of permits carrying on
the business of selling or keeping for sale intoxicating
liquors or maintaining a place where intoxicating liquors
are sold or kept with intent to sell.   It is in itself an
additional penalty imposed upon the sale of liquors.   *Hodge
v. Muscatine Co.,* 121 Iowa, 482.   The duty of assessment,
collection, etc., is imposed upon assessors and other officers,
and citizens of the county are also authorized to initiate

3. SAME: removal
of county at-
torney: stat-
utes.

proceedings for the collection of the tax.    See Code, sections 2432-2445, inclusive.    Then follows section 2446, being the one now under consideration, enjoining a duty upon the county attorney to see to it that the provisions of the chapter relating not to the mulct law in general, but to the mulct tax, are enforced.    This is followed by a declaration that the mere payment of the tax should not authorize the sale of liquors or amount to a license to protect the wrongdoer from any penalty except as provided in the following sections.    These sections provide that, under certain conditions, the payment of the tax will constitute a bar to proceedings under the prohibitory liquor law.    Among other things, written statements of consent from a certain percentage of the voters of the municipality is required to be filed with the county auditor, a resolution of the city council and consent of property owners, etc., is also exacted, and various other conditions are imposed as precedent to the right to sell, even after payment of the mulct tax.    Provisions are also made as to the conduct of the place and for forfeiture or revocation of the right to sell without being subject to prosecution under the General Statutes.

It will be observed from this resume of the law that the payment of the mulct tax is a matter distinct and separate from the bar arising after payment of the tax to prosecution under the general laws regulating the sale of intoxicants.    Payment of the tax is exacted from every one except permit holders who sell or keep for sale intoxicating liquors in this State.    This may be enforced by county attorneys, and it is expressly made their duty to do so.    The same statute also imposes a like duty upon assessors, county treasurers, and other officers.    But nowhere is there any power given to any one to require liquor sellers to take the steps which, if performed, would make the payment of the tax a bar.    It is entirely optional with the seller as to whether or not he will take the necessary

steps to make the payment of the tax a bar, and no county
or other official can require the performance of section 2448
*et seq.* of the Code relating to the bar of prosecutions. If
the liquor seller does not do so, then the payment of the
tax is no bar. If he does, and complies with all the con-
ditions, then the payment of the tax is a bar, and that
is the only penalty which can be inflicted upon him. If
he does not do so, he is not prosecuted under the mulct
law, but under the provisions of what is known as the
prohibitory liquor law. See section 2382, *et seq.,* chapter
6, Code, relating to intoxicating liquors. In this chapter
is found 2428, relating to the duties of peace officers and
to the obligation of the county attorney to appear in such
cases.

As already stated, chapter 6 of title 12 of the Code
relates to intoxicating liquors, and in that chapter there is
an attempt to cover the entire subject. The sections found
therein prohibit the sale or keeping for sale of intoxicants
within this State except as provided in the chapter, provide
punishments therefor, provide that pharmacists and per-
mit holders may sell for certain purposes, regulate the
granting of such permits, provide for civil actions by wife,
parent or child, transportation of liquors, and following
this, under a separate heading entitled "Mulct Tax," are
the sections hitherto referred to. In the same chapter
permission is given to manufacture under certain condi-
tions. It will be observed that this chapter relates to
many matters more or less related, yet, generally speaking,
independent in character. The underlying thought is that
prohibition is the rule and right to sell the exception. Per-
mit holders are given the right to sell, and permission to
manufacture is also given under certain conditions, but this
has no reference to the mulct tax, which is to be im-
posed upon all except permit holders as an additional deter-
rent. Under certain conditions the payment of this mulct
tax is a bar to proceedings, but this only upon certain

conditions, which may or may not be performed at his option by the person who pays the mulct tax. The mulct law does not require the performance of the conditions which would constitute the bar, and no one can compel performance of these conditions. If one pays the tax, and does not perform the conditions, he is subject to prosecution for violating the provisions of the prohibitory law, but is not prosecuted for failure to comply with the conditions which would constitute a bar to such proceedings. This is too plain for further argument.

Now with this thought in mind, the proper interpretation of section 2446 of the Code is not difficult. The county attorney by that section is to see that the provisions of the chapter relating to the mulct tax are enforced. It is not the provisions of the chapter nor the provisions of the mulct law in general; but the provisions of the chapter relating to the mulct tax. The qualifying phrase is clear and unambiguous, and, to our minds, refers to the collection of the mulct tax and to nothing else. If prosecutions are to be instituted, it is not to compel one to perform the conditions which when performed would operate as a bar; but under the general prohibitory law and the payment of the mulct tax is no bar to such prosecutions. The duties of the county attorney with reference to this matter are provided in section 2428 of the Code, hitherto referred to. There is but one thing which the county attorney may do with reference to the mulct tax, and that is to see that it is levied, assessed, and collected as provided by law against all persons except permit holders engaged in the liquor business in his county. That done, the provisions of the chapter relating to the mulct tax are complied with. Whether or not this payment exempts or bars prosecutions under the general prohibitory law is another matter. If the conditions which create the bar are fully complied with, then no proceedings may be had under the general law. If they

are not complied with, then there is no bar. This is the long and the short of the matter; and, as the provisions of the chapter relating to the mulct tax are the ones referred to in section 2446, the county attorney has performed his duty with reference to this tax when he has seen that it has been properly assessed, levied and collected. When that is done, another question arises and that is whether or not the payment of this tax constitutes a bar to prosecutions under the general prohibitory law. It is not for the county attorney to take the steps nor to see that steps are taken which create the bar. If they are not taken, then his duty is to enforce the general prohibitory law. For failure to perform this duty he can not be removed under section 2446 of the Code.

The place where this section is found is also significant. It follows the sections relating to the enforcement of the mulct tax and intervenes between these provisions and those relating to the effect to be given to payments thereof. It has reference to the mulct tax, and manifestly to those provisions of that law which are mandatory upon, and not optional with, the liquor seller. Clearly the county attorney is required by section 2446 to see that the provisions relating to the mulct tax are enforced, and there is no allegation in the petition in this case that defendant has in any way failed in his duty with respect thereto. That the Legislature had any other intent at any time is not made clear. Even under the original act (section 16, chapter 62, Acts 25th General Assembly) it is doubtful if the Legislature intended that the county attorney should do more than enforce the mandatory provisions of the act. Certainly he could not enforce a provision of that chapter which was optional with the liquor seller. But, however this may be, county attorneys are by the act in question placed upon the same plane with assessors, county treasurers, and members of the county boards, and their duties are made the same. Surely an assessor could not be re-

moved for failure to enforce the general provisions of the liquor law.

The judgment must be, and it is, *affirmed.*

SHERWIN, J., dissenting.—The conclusion of the majority is stated in its opinion as follows: "And, as the provisions of the chapter relating to the mulct tax are the ones referred to in section 2446, the county attorney has performed his duty with reference to this tax when he has seen that it has been properly assessed, levied and collected." I am unable to agree with this construction of section 2446. I believe it is altogether too technical and narrow, and that it completely emasculates a statute that was evidently intended to enforce the restrictive provisions of the mulct law. The opinion further says: "It is perfectly plain that the assessor, county treasurer, and members of the board of supervisors have nothing to do with the enforcement of the penal part of the mulct statute, but they have very evident duties with reference to the assessment, levy and collection of the mulct tax." I agree perfectly with that statement, and go still farther, and say that in my judgment the county attorney has nothing to do with the assessment, levy and collection of the mulct tax, except in the one particular which I shall hereinafter mention.

Section 2433 defines the duties of assessors, and provides that the assessor of each township, town or city or assessment district thereof shall return to the auditor a list of persons who are or who have been engaged in the business of selling intoxicating liquor, and also a description of the real property wherein or whereon the business is carried on, with the name of the occupant or tenant or owner or agent. And an assessor who fails to comply with these requirements is made criminally liable. In addition to the criminal liability imposed for a failure on the part of the assessor to perform this duty, section 2435

provides for the listing of the names and places by any three citizens of the county. It is clear that the county attorney has nothing to do with the listing of the names and places, and under the majority opinion he is not called upon to take any action against the assessor who wilfully fails to perform his duty. Section 2437 makes it the duty of the auditor to certify to the county treasurer a complete list of the names of persons returned to him by the assessors or citizens, together with a description in each case of the real property where the business is carried on, and the name of the occupant or tenant, and the owner or agent of such property. And section 2438 requires the county treasurer to enter a quarterly installment of the mulct tax as due and payable by the person carrying on such business, and as a "lien and charge upon and against the real property" where the business was carried on or such place maintained. Then follows section 2439, which provides for the collection of the mulct tax by the sale of the real property where the business was carried on, and section 2440, which authorizes the collection of the tax by the sale of any personal property used in connection with the business or in maintaining the place. Sections 2439 and 2440 give the treasurer the same power of sale for the purpose of collecting the mulct tax that he is given for the purpose of collecting general taxes, and, following the rule heretofore announced by this court, that method is exclusive, and there is nothing for the county attorney to do in relation thereto. *Plymouth County v. Moore,* 114 Iowa, 700. Sections 2441 to 2444, inclusive, deal with applications for the remission of mulct taxes, and provide for trials of such issues. They require that notice of the application be served on the county attorney, and that he may appeal. And section 2442 provides that, in case the county attorney fails to appeal from an adverse decision of the board of supervisors to the district court, any three citizens of the county may take an appeal.

If the opinion of the majority is correct, the only duty enjoined upon the county attorney by section 2446 is to resist applications for the remission of the tax. This is merely a negative duty, and does not in my judgment meet the requirement that he see that the provisions of the chapter relating to the mulct tax are enforced. Furthermore, if the Legislature intended only that the county attorney should act as a collector of the tax, the enactment was useless, for the reason that section 301 of the Code expressly requires county attorneys to collect all moneys due the State and county,. so far as he is able to collect the same. Prohibition is the rule in this State, and the operation of a saloon under the provisions of the mulct law furnishes the only exception thereto under which intoxicating liquors may be sold as a beverage without incurring the penalties of the prohibitory law. But, when all of the requirements of the mulct law are complied with, an absolute bar, amounting to a license, is raised which fully protects the saloon keeper. The bond requirement, the provisions relating to the time of opening and closing, the prohibition of gambling, the requirement that women shall not be employed in the place, and that minors and intoxicated persons shall not be allowed in the room, and that no liquors shall be sold to them are all a part of the mulct tax law, and are as surely the subject of enforcement as are any restrictive laws. And I think it a very strained construction of the statute to say that the only provisions of the mulct tax law which are to be enforced by the county attorney under the statute in question are those relating to the collection of said tax. The mulct tax statute was first enacted as chapter 62, Laws 25th General Assembly, and in the original act the requirement was that the county attorney should "see that the provisions of this act are enforced." And in my judgment that requirement clearly made it his duty to see that the requirements of the act were met by the saloon keeper, and, if he found

that they were not, to prosecute him for a violation of the law. To "enforce" is to "execute with vigor," to put in force, compel obedience to, cause to be executed or performed. It has the same meaning in this respect as "execute." Century Dict.; Webster's Dict.; *Ticknor v. Kennedy*, 3 Abb. Prac. N. S. (N. Y.) 387. When chapter 62, Acts 25th General Assembly, became a part of chapter 6, title 12, it was made a part of said chapter by incorporation in a body, and hence to preserve the identity of its various provisions it was natural to refer to it as the provisions of the chapter relating to the mulct tax, and this fact, taken in connection with the history of the act referred to in the majority opinion, convinces me that no change in the original act was intended by the Legislature.

But the majority opinion says that this duty was and is imposed by the general law. If this be conceded, there is still no reason for saying that section 2446 was not enacted for the purpose of making the duty more explicit and certain. There are numerous instances where this has been done, evidently with the thought that some timid county attorney might mistake his responsibility or duty. Thus section 2389 expressly provides that the county attorney shall appear in proceeding asking for a permit, and section 2406 requires him to prosecute actions to enjoin nuisances created by the unlawful sale of liquors. And these requirements are made notwithstanding the provision of section 2428 which requires him to appear for the State upon trials of causes growing out of violations of the prohibitory laws. In my judgment it is a grave mistake to say that the duties of assessors, auditors, treasurers and boards of supervisors are the same under the provisions of the mulct law as are those of the county attorney, and unless they are, as the majority concedes, the majority opinion is wrong.

I think the demurrer should have been overruled, and would reverse.

WEAVER, J.—I concur in the foregoing dissent.

McCLAIN, J., concurring.—It seems to me the view of the dissenting judges that the meaning of section 2446 of the Code as it now stands is the same as that of section 15, chapter 62, Acts 25th General Assembly, is sound; but I think the reasoning of the majority opinion is directly applicable to the original section, and, as so applied, it necessarily leads to the conclusion reached by the majority, in which I therefore concur.