THE STATE OF IOWA on the relation of WESLEY GEBRINK and others, Appellant, v. JOHN W. HOSPERS, County Attorney, of Sioux County, Iowa, Appellee.

**Officers:** PROSECUTING ATTORNEY: REMOVAL FROM OFFICE. A prosecuting attorney has some discretion in instituting and conducting criminal prosecutions, and he can not be removed from office for misconduct in that respect without a showing of abuse of such discretion, or a clear showing of corruption or incompetency.

**Same:** OFFICIAL MISCONDUCT: EVIDENCE. In this proceeding to remove a prosecuting attorney for wilfully neglecting to institute certain prosecutions, the evidence is held insufficient to show official misconduct.

**Same:** TAXATION OF COSTS. Where it appears that parties instituting proceedings to remove an officer for official misconduct were acting in good faith, the costs, upon dismissal of the proceeding because of insufficient evidence, should not be taxed against the plaintiff but should be assessed as in ordinary state cases.

*Appeal from Sioux District Court.*—Hon. David Mould,
Judge.

Wednesday, June 15, 1910.

The opinion states the case.  *Modified* and *affirmed.*

*G. T. Hatley,* for appellants.

*Gerrit Klay,* for appellee.

Weaver, J.—This proceeding was instituted upon the
relation of five qualified electors of Sioux county for the
removal of the defendant from the office of county attorney
on the charge that he had willfully neglected the perform-
ance of certain official duties, in that the Standard Oil
Company, a dealer in gasoline, kerosene and other petro-
leum products in said county, had sold said products at
a higher rate or price in certain localities in said county
than in others, such discrimination being made for the
unlawful purpose of suppressing and preventing competi-
tion in said business by other dealers, and that, upon com-
plaint being made to defendant, he had neglected and
refused to prosecute the offenders, or to submit the charge
to the consideration of the grand jury.  The answer of the
defendant denies the charge, and alleges that he did act
in the premises with reasonable promptness, and that the
grand jury had continued the matter for further considera-
tion.  On hearing the testimony, the trial court dismissed
the proceedings, and taxed the cost to the plaintiffs, who
appeal from said judgment.

An examination of the record convinces us the trial
court was right in finding the charge against the defendant
was not proven.  It is true there is evidence tending to show
a violation of the statute by the Standard Oil Company,
and that complaint thereof was made to the defendant.

It appears, however, that either upon his initiative or that of some other person the matter was laid before the grand jury, which declined to return an indictment at that time, but continued the subject for further inquiry. This action was probably prompted by the fact that a similar prosecution had been begun in a neighboring county in which proceeding the constitutionality of the statute had been put in issue, and it was thought advisable to await the outcome of that case before further action upon the complaints made by the relators. Whether that conclusion was wise we need not consider, but there is nothing to indicate that it was not made in good faith, or that the result was in any manner subversive of public interests. Just what part defendant had in this postponement is not made clear. He has no control over the grand jury. He can not command the indictment of any person. It not infrequently happens that circumstances attending an alleged offense render it expedient that time be taken to mature a plan of action and to secure and marshal the testimony which will render the prosecution certain and effective. A certain degree of discretion in these respects is confided to the prosecutor, and unless he abuses it or there is a clear showing of corruption, or negligence, or incompetence in the administration of his office, he is not amenable to proceedings for his removal. That remedy is a very drastic one, the effect of which is not only to deprive an individual of an office to which he has been regularly chosen, but also to deprive the people of the services of the man whom they have selected for the position, and it should be exercised only in cases of official wrongdoing established by clear and satisfactory evidence. No such showing has been made in the case at bar, and the judgment dismissing the petition can not be disturbed.

But, after some reflection, we are not fully satisfied that plaintiffs should be taxed with the costs. The proceeding, though prosecuted upon the relation of private

citizens, is essentially one in which the relators stand in a representative capacity. They speak for the public and the law, and the courts take cognizance of their complaints not to remedy their private wrongs, but to conserve public interests. It is a matter of good public policy that citizens instituting such proceedings in good faith, though upon mistaken premises, should not be deterred by personal risks from performing a disagreeable duty, and, so long as they act in good faith, we are of the opinion that the costs should be assessed as is done in ordinary state cases. Such appears to have been the legislative purpose as expressed in the statute. See chapter 78, Laws 33d General Assembly. The showing of want of good faith or want of probable cause does not appear so patent as to call for penalizing the relators with the costs, and the judgment below is modified by setting aside the taxation thereof against them in the court below.

Costs of this court will be taxed to the appellants. *Modified* and *affirmed.*