MARTIN C. CHRISTENSEN, Appellant, v. TOWN OF KIMBALLTON et al., Appellees.

No. 39512.

MAY 5, 1931.

S. C. Kerberg and Ralph Maclean, for appellant.

Clark, Byers, Hutchinson & Garber, for appellees.

PER CURIAM: By acceptance dated February 15, 1928, of the proposition of Fairbanks, Morse & Company, a contract was made whereby Fairbanks, Morse & Company agreed to sell and deliver F.O.B. Factories a designated type and style of "Special Electric Diesel Oil Engine with standard equipment for running water cooling and direct connection to Alternator in accordance with specifications attached" for the price of $18,394, including $6,345.35 cancelled balance of a former contract. The town agreed to erect the proper foundations and buildings and furnish common labor, cartage and materials for erection and operation which was to be done under the superintendence of the seller's engineer. The purchase price was to be paid in forty-eight equal pledge orders beginning 60 days from date, payable in consecutive monthly payments "said orders not to be general obligations of said town but a special obligation payable only from the revenues of the Light & Power Plant as provided in appropriation ordinance of said Town of Kimballton," title to remain in company until final payment. The company in case of default was entitled to take possession of the machinery and make sale according to the statutes of the state. It was provided that the machinery should remain personal property. By ordinance reciting the contract there were appropriated monthly from all moneys received from the operation of the electric light plant of the town, over and above operating expenses, such sums as would create a fund sufficient to pay the principal and interest of the orders which were declared by the ordinance to be payable only out of such fund. The ordinance provided that the earnings of the plant were pledged as security for payment of the obligations and would be maintained sufficient for that purpose. Plaintiff alleges, among other matters not necessary to relate, that the contract and pledge orders are void because they were ultra vires and contrary to public policy forbidding municipal corporations to mortgage or create liens upon public property. Defendant took issue upon these allegations.

It was stipulated that the town owns a water works for which there is outstanding bonded indebtedness of $4500; that

the electric light and power plant was acquired by popular vote. It is stipulated that the building and improvements for the housing of the engine under the contract involved were "all in place and had been erected for more than five years past." The foregoing for present purposes sufficiently sets out the case.

Owing to misapprehension of the rules the appellant did not set out a stipulation made in the lower court that he was a resident and taxpayer of the town of Kimballton. Defendants have not sought to take advantage of this omission. Hence the former opinion, 231 Northwestern 502, has been withdrawn.

The case is ruled by Van Eaton v. Town of Sidney, 211 Iowa 986, and pursuant to that decision the judgment is—Reversed.

All Justices concur except MORLING and STEVENS, who dissent.

MORLING, J., (dissenting) : Justice Stevens and the writer do not concur in the application to the Van Eaton case, or to this case, of the rules and authorities cited in the opinion in the Van Eaton case. In our opinion no question of power is involved. The municipalities having complied with all statutory prerequisites did have power to install electric light plants.

A municipal corporation exercises such powers as are expressly, or by fair implication, granted to it by the legislature. It functions in two capacities: 1. As an agency of the State exercising locally governmental powers. 2. In the quasi business or proprietary interest of its inhabitants as a corporate entity. In both cases it exercises governmental powers, but in the latter case it possesses powers that are exercised more in the interest of the locality or community than of the State at large. Its powers of the latter class only are here involved. Its powers of that class are liberally construed. Incorporated Town of Sibley v. Ocheyedan Electric Company, 194 Iowa 950; Miller Groc. Co. v. City of Des Moines, 195 Iowa 1310; Wapsie P. & L. Co. v. City of Tipton, 197 Iowa 996.

The legislature may prescribe the method in which the power of a municipal corporation shall be exercised. So far as the questions here involved are concerned the defendant town is not hampered by any legislative method of exercising its power.

"The rule of strict construction does not apply to the *mode adopted* by the municipality *to carry into effect powers expressly or plainly granted,* where the mode is not limited or prescribed by the legislature, and is left to the discretion of the municipal authorities. In such a case the usual test of the validity of the act of a municipal body is, Whether it is reasonable? and there is no presumption against the municipal action in such cases." 1 Dillon Mun. Corp., 5th Ed., Section 239.

See, also, 43 C. J. 199; Lang v. City of Cavalier (N. D.), 228 N. W. 819. The court exercises no supervisory jurisdiction over the administration of the business affairs of a municipal corporation. The right of the municipality, operating within its powers, to self-government, and through its elected officers to determine matters of administration, is fundamental. The court cannot inquire whether its contracts and undertakings are wise or unwise. So long as the municipal corporation keeps within the law it is outside the supervision of the courts and operating within its own special administrative province. We are dealing here with the power of the corporation, not with the power of its officers or with the wisdom of their judgment. The town may lawfully acquire an electric light plant. As the proprietor of an electric light plant legally acquired it has not merely implied but the expressly granted right to "* * * maintain and operate" it, (Code, 1927, Section 6127), to extend, reconstruct and maintain it and incur indebtedness for that purpose, *Id.,* Section 6239, and to devote earnings (and a 5 mill tax) to expense of running, operating, renewing, extending, repairing, and paying interest on construction bonds. Sections 6142, 6211, Sub. 18. It had the power to assess reasonable rents or rates fixed by ordinance and to levy a tax "to pay or aid in paying the expenses of running, operating, renewing, and extending such works." *Id.,* Section 6142, 6211, Sub. 18.

It is said in the Van Eaton case that there is no statute of the State which confers power in terms upon the city to pledge its property. The property purchased in both cases belonged to Fairbanks, Morse & Company. The town had no right to it except on terms agreed to by the seller. As has been said, the question here is not one of power, but of the method of exercising granted power. The town had the right to make the purchase and to incur indebtedness for the price. (Code, 1927, Section

6239.) The town is not by the statute denied the right to adopt the not unusual method of purchasing property by contract on conditional sale or by contract reserving a vendor's lien. One purpose of the statutory authority to municipalities to acquire public utilities is to free them from the real or supposed monopoly, tyranny and extortion of public utility corporations. The town would be authorized to purchase from such a corporation a plant already installed. On plaintiff's contention the town could not do so by contract payable in installments for which a vendor's lien was reserved. If we suppose that the old engine was so disabled as to be ineffective and to require replacement and the town's indebtedness was such that it could not become indebted for the price of the new engine the town would either have to remain in darkness or purchase current from a power company, though on terms which might absorb the revenue. If the water works should by some casualty be destroyed the town under the circumstances here shown might, on plaintiff's contention, have to go without water. If its fire equipment should be destroyed the town could not purchase a new outfit on contract of conditional sale. If a town should find it desirable to add a piece of ground to its water works it could not purchase, on plaintiff's theory, on contract payable in installments because the vendor would reserve a lien. The town could not purchase necessary vault fixtures or safe on the ordinary installment contract if we are to sustain plaintiff's contention.

The town was acting within the scope of its power in making the contract with Fairbanks, Morse & Company. It was not in the method adopted violating or exceeding any statute. The method was left by the legislature to the reasonable discretion of the town. It does not appear that the method adopted was unreasonable.

Mullarky, Adm. v. The Town of Cedar Falls, 19 Iowa 21, was the case of a toll bridge erected by the town and conveyed by trust deed as security for indebtedness incurred in the erection. The court held that while the building of a bridge as a necessary improvement of a street and dedicating it to the public as a common highway would be legitimate the erection of a toll bridge for the purpose of pecuniary profit was not authorized; that the bridge filled a hiatus in one of the streets caused by Cedar River and became thereby an integral part of the street

itself, an easement that belonged to the public, of the management and control of which the town could not legitimately divest itself; that the trust deed was "the exercise of too doubtful a power to be sanctioned by us, especially when we see a very simple, plain course open to the parties, which, if pursued, will protect the rights of all * * *. We refer to a remedy upon the bonds themselves which we hold to be valid and available to the holders." This case does not support the plaintiff's claim. It does not appear that the contract was an abuse of the reasonable discretion of the town in the execution of the power which it possesses.

Justice Stevens and the writer are, therefore, of the opinion that the municipalities in the two cases were within their power in purchasing the respective properties involved; that they were called upon to exercise their business judgment as to the method of exercising their powers; that the method adopted was within their discretion and that the wisdom or propriety of such method is not subject to revision by the court.

We think the judgment should be affirmed.