CITY OF ONAWA, Appellant, v. MONA MOTOR OIL COMPANY, Appellee, and C. W. Ross, Defendant.

No. 42351.

FEBRUARY 13, 1934.

J. A. Prichard and Prichard & Prichard, for appellant.

Wright & Baldwin, Geo. S. Wright, Addison G. Kistle, and Paul E. Roadifer, for appellee.

MITCHELL, J.—The city of Onawa filed a petition against Charles W. Ross and the Mona Motor Oil Company, in which it alleged that during the period from May 1, 1931, to August 23, 1932, defendant Mona Motor Oil Company was the owner of the east half of lots one, two, three, and four in block seventy-five, except the west seventeen feet thereof, in the city of Onawa, Iowa, and the defendant Charles W. Ross was in possession thereof as tenant or occupant. Petition alleged that the ordinances of the city of Onawa, which were in full force and effect at the time above cited, provided, among other things, as follows:

"No. 47. Electric System. An Ordinance Regulating the Electric System and Prescribing Penalties for Violation.

"Be it ordained by the council of the City of Onawa, Iowa: * * *

"Section 8. The owner of any property furnished electric current shall be responsible for the payment of all bills for electric current furnished to the owner, tenant or occupant of such premises if the same are not paid promptly when due by such tenant or occupant. This section is intended to cover all bills for electric apparatus or supplies or labor furnished on such premises by the city or its employees. * * * "

That on or about the 1st of May, 1931, the defendant Charles W. Ross, as tenant or occupant of the premises described in the petition, requested of the city of Onawa that it furnish to him for use on said premises electric current at the usual and customary price thereof and in such quantities as he should require. That the city of Onawa thereafter furnished electric current to the said Charles W. Ross, and there was a balance due on said account of $363.11. That the city of Onawa is a municipality in the state of Iowa, and the defendant Mona Motor Oil Company is a corporation; that the said Mona Motor Oil Company had full knowledge of the said ordinance or should have had knowledge. Petition asked for personal judgment against the Mona Motor Oil Company in the amount of $363.11. To the petition the Mona Motor Oil Company filed a demurrer, and as grounds therefore stated:

"1. That the petition of the plaintiff does not state facts which entitles the plaintiff to any relief as against this defendant.

"2. That plaintiff has no power, as a matter of law, by ordinance or otherwise, to require one person, to-wit, the defendant Mona Motor Oil Co., to answer for or be liable for the debt of another person, to-wit, the defendant, Charles W. Ross.

"3. That any such ordinance so providing, and the ordinance set up in plaintiff's petition, is unconstitutional, illegal and void as a matter of law, and no liability is created thereunder in favor of the plaintiff and against this defendant."

The demurrer was duly submitted. The lower court sustained the demurrer, and from said ruling the city of Onawa has appealed to this court.

The petition simply alleges that the city of Onawa furnished Charles W. Ross electric current for use on said premises, which were owned by the Mona Motor Oil Company, and that Ross was indebted to the city for $363.11 as an unpaid portion of bill for said current; and that, under the ordinance above referred to, the city is entitled to personal judgment against the Mona Motor Oil Company merely because it was the owner of the premises leased by Charles W. Ross. The city is not asking for a lien against the property, which was owned by the Mona Motor Oil Company and was occupied by Ross, to whom the current was furnished, but is asking for a personal judgment. There is no allegation in the petition that the Mona Motor Oil Company had anything whatever to do with the wiring of said premises for electricity, or in any manner stood in any contractual relation with the city of Onawa. Nor is it claimed that the Mona Motor Oil Company had even actual knowledge that Charles W. Ross was using electric current from May 1, 1931, to August 23, 1932; nor is it claimed that it had any knowledge that Ross had not been paying his bills promptly, although the petition shows that this credit was extended for a period of over one year. It follows that, if the city can be allowed to recover, it must be by virtue of the power inherent in the city and delegated to the city to enact and enforce such an ordinance as Ordinance No. 47. The only power which is conferred upon a city with reference to the sale of electric current and collection of accounts is conferred by section 6142 of the Code of 1931, which is as follows:

"6142. Sale of products—rates—taxes—equipment. They may sell the products of municipal heating plants, waterworks, gasworks, or electric light or power plants to any municipality, individual, or corporation outside the city or town limits, as well as to individuals or corporations within its limits, and may with the consent of the board having jurisdiction thereof erect in the public highway the necessary poles upon which to construct transmission lines; and shall, from time to time in such manner as they deem equitable, assess upon each tenement or other place supplied with heat, water, gas, light, or power, reasonable rents or rates fixed by ordinance, and shall levy a tax as provided by law to pay or aid in paying the expenses of running, operating, renewing, and extending such works, and the interest on any bonds issued to pay all or any part of their construction."

The language, "assess upon each tenement or other place supplied with * * * light or power, reasonable rents or rates fixed by ordinance," could in no manner be extended so as to read that such reasonable rents and rates become the personal obligation and debt of the owner of the tenement or other place supplied with light or power when such light or power is furnished to a tenant and not to the owner. To so construe the statute would be to rewrite the whole of section 6142, which is the only section of the Code upon which the appellant relied as a basis for the delegated authority under which the city of Onawa purported to act in passing section 8 of Ordinance 47. This court has repeatedly held that a municipal corporation can only exercise such legislative powers as are specifically delegated to it, and the statutes delegating such power must be strictly construed.

In the very recent case of Van Eaton v. Town of Sidney, 211 Iowa 986, at page 990, 231 N. W. 475, 71 A. L. R. 820, Justice Albert, speaking for the court, said: ·

"It is too well settled to need citation of authorities in its support that municipal corporations, which are mere political agencies of the government, forming but parts of the machinery employed in carrying on the affairs of the state, possess and can exercise *only* such powers as are 'granted in *express words,* or those *necessarily* or *fairly* implied in, or incident to, the powers expressly conferred, or those *essential* to the declared objects and purposes of the corporations, not simply convenient, but *indispensable.*'

"When the Legislature attempts to make a grant of power to a municipality and the same is doubtful or uncertain, all doubts and uncertainties are resolved against the municipality."

And in another place in the opinion is found this statement:

"Powers conferred upon a municipality cannot be enlarged by liberal construction."

Thus, with the rule in mind, as outlined in the case just cited, by no manner of construction could it be said that section 6142 of the Code delegated the power to the city of Onawa to pass an ordinance under the terms of which the owners of the property become personally liable for the debt of the tenant to such company or municipality as may furnish to him electricity. In the case at bar we

are in no manner dealing with contract rights. The sole question is one of delegated power which can be created by express statute, and there is no express statute in the state of Iowa which gave to the city of Onawa the right to pass an ordinance making the owners of property personally liable as the ordinance passed by the city of Onawa attempted to do.

And the lower court was right in the sustaining of the demurrer, and the judgment and decree of the lower court must be, and it is hereby, affirmed.

CLAUSSEN, C. J., and STEVENS, ANDERSON, and KINTZINGER, JJ., concur.