**GLOVER et al. v. AMERICAN MORTGAGE CORPORATION.**

No. 11896.

Court of Civil Appeals of Texas. Dallas.

May 2, 1936.

Rehearing Denied May 30, 1936.

Touchstone, Wight, Gormley & Price and S. A. Williams, all of Dallas, for appellants.

J. N. Townsend, of Dallas, for appellee.

BOND, Justice.

This is an appeal from an order overruling appellants' pleas of privilege to be sued in Potter county, Tex., the place of their domicile. The only question involved is whether the venue of the suit comes within subdivision 5 of article 1995 of Revised Statutes of this state, which reads as follows: "*Contract in Writing.*—If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile." The determination of the question hinges on the construction to be given the written contract between the parties; in construing the contract, consideration must be given to all of its terms pertaining to venue, and not merely to some particular word or clause therein. The intention of the parties expressed in the contract is the controlling feature.

The contract, in so far as pertinent here, obligates appellant J. T. Glover to pay appellee, American Mortgage Corporation, the amount of all loss or losses on accepted promissory notes, secured by automobiles or other chattel mortgages, which appellee may purchase from said appellant; and further provides that "all the provisions herein named are enforcible in Dallas County, Texas." To secure the faithful performance of the contract in its entirety, comply with and carry out all the terms and provisions therein, appellants J. T. Glover and C. W. Furr executed a bond or contract, obligating themselves, jointly and severally, to pay appellee the sum of $2,500; and the bond or contract provides that: "Should it be or become necessary to take action, under the terms of this obligation, then such action may be had in the courts of Dallas County, Texas, which, for all purposes, this agreement is made enforcible."

The suit was filed in Dallas county, and presents that appellee, American Mortgage Corporation, has its domicile in said county, that appellants have their domicile in Potter

county, and that, by reason of the losses sustained by appellee in Dallas county, and the failure of appellant Glover to pay said losses, appellants have, by the terms of the contracts, obligated themselves to pay appellee the sum of $2,500. The suit is shown to have been brought to compel appellants to perform their obligation to pay such losses.

It will be observed that the contract and bond of appellants are obligations for the payment of money, either voluntarily or by enforced collection; in either event, they are obligations to perform covenants of payment. Primarily, the parties intended that the payment for losses sustained by appellee should be made voluntarily by appellants, without force or compulsion; nevertheless, the enforcement provision of such obligation, in case of default, is an agreement of appellant to perform. It makes very little difference in what manner, so far as the venue question is concerned, how appellant eventually performs his obligation. So we think the covenant of the contract intended by the parties to be "enforcible" in Dallas county is the agreement to pay appellee the losses it sustained, whether the payment be voluntarily or by enforced proceedings.

The courts of Texas, in construing a contract in which the word "enforcible" is used in conjunction with the venue statutes, have uniformly interpreted the word as to apply to the particular situation under which the parties themselves used it, expressed in their contract, rather than the generally accepted definition of the word standing alone. Words in contract cannot always be given their general and customary meaning, when applied to a given situation. Indeed, the word "enforcible," standing alone, does not mean "perform" or "performable," but, when employed in a contract for the performance of an obligation relating to venue, it is synonymous with the word "execute." "To execute" means, according to all approved lexicons, "to complete"; "to make"; "to perform"; "to do"; "to follow out." It seems to be well settled that the word "enforcible" is given the same meaning as, and is synonymous with, the word "perform" or "performable," and we think "to perform" must be given to the meaning of the word "enforcible," used in the related provision of the contract involved here, as intended by the parties.

In the case of Whisenant v. Schawe (Tex. Civ.App.) 141 S.W. 146, the Fort Worth Court of Appeals, in construing a contract

for the exchange of property, "enforceable * * * in Parker county, Texas," held that: "in view of the specific terms of the contract the venue of the suit was properly maintained in Parker county by virtue of the fifth paragraph of article 1194 [1995], Revised Statutes." The San Antonio Court of Appeals in Hillyer-Deutsch Lumber Co. et al. v. Clark et al. (Tex.Civ.App.) 185 S. W. 1038, 1039, in construing a contract providing that it "shall be enforced 'and in all things enforceable in Goliad, Texas,'" held that the recitals in the contract that it shall be "enforcible" at a certain place gave that place venue of the suit.

In the case of Miller v. American Mortgage Corporation (Tex.Civ.App.) 78 S.W. (2d) 721, 724, the El Paso Court of Appeals had before it a contract identical with the one at bar; the court held that "enforcible," as used in the contract and as intended by the parties, was synonymous with the word "perform," as used in the venue statute; and in the course of its opinion said: "The statute does not make the contract pleaded here performable at any place and the parties to the contract could make it enforcible in Dallas county if they so desired. The word 'enforcible' is used in multiplicity of ways and is given many shades of meaning and applicability. It does not necessarily imply actual force or coercion. It may mean to be executed; to put into execution; to cause to take effect. 2 Words and Phrases, Second Series, p. 273; Black's Law Dictionary (2d Ed.) p. 258; Sharp v. State, 109 Neb. 766, 192 N.W. 726, 728; Tennant v. Kuhlemeier, 142 Iowa, 241, 120 N.W. 689, 693, 19 Ann.Cas. 1026; Hillyer-Deutsch Lumber Co. v. Clark (Tex.Civ. App.) 185 S.W. 1038; Whisenant v. Schawe (Tex.Civ.App.) 141 S.W. 146. As said in Texas Jurisprudence, vol. 10, p. 282, par. 164, the intention of the parties to a contract must be construed as a whole and its provisions taken together to ascertain its meaning and effect."

The contention here is, as was urged in the Miller Case, supra, that appellants did not agree to make payment of any sum of money in Dallas county, but that they did agree that appellee could compel them to make the payment in Dallas county. We think there can be no distinction as to the venue of the suit. It would make no material difference whether appellee could enforce the payment of the obligation or the appellant was required to perform the obligation. The effect of both is the same. They are agreements for performance "en-

forcible" in Dallas county. Any contractual stipulation regarding venue may be said to be a stipulation in contemplation of a suit, whether that stipulation be expressed by a promise to pay in a particular county, or that action on the promise to pay may be maintained in a particular county. Both are nevertheless venue stipulations, identical in import, fixing the particular county for suit or performance.

We construe the contract as a whole, an obligation to perform all the terms of the agreement in Dallas county, which implies the payment of all losses in Dallas county, and, considering the entire record, we are of the opinion that the judgment of the court below should be affirmed.

Affirmed.