CITY OF DES MOINES, petitioner, v. DISTRICT COURT OF POLK COUNTY et al., respondents.

No. 47460.

(Reported in 41 N.W. 2d 36)

FEBRUARY 7, 1950.

Frank B. Hallagan, Corporation Counsel, S. L. Harvey, City Solicitor, and Frank D. Bianco, Assistant City Solicitor, all of Des Moines, for petitioner.

J. R. McManus and Don G. Allen, both of Des Moines, for respondents.

BLISS, C. J.—The petition in equity for the removal of Bennett as an officer of the city of Des Moines was filed in the office of the clerk of the district court of Polk County, Iowa, on October 6, 1948. The statutory provisions for a proceeding of this kind are in chapter 66, entitled "Removal From Office", of the Iowa Code of 1946. The sections of the chapter which are particularly pertinent are:

Section 66.2 states that the jurisdiction for proceedings under the chapter shall be as follows: "* * * 3. As to county, municipal, or other officers, the district court of the county in which such officers' duties are to be performed."

Section 66.3 states that "The petition for removal may be filed:

"1. By the attorney general in all cases. * * *

"5. As to all county and municipal officers, by the county attorney of the county where the duties of the office are to be performed."

Section 66.5 states that "the petition shall be filed in the name of the state of Iowa. The accused shall be named as defendant * * *."

Section 66.11 states: "Duty of county attorney. The county attorney of any county in which an action is instituted under section 66.10 shall, at the request of the attorney general, appear and assist in the prosecution of such action. In all other cases instituted in his county, the county attorney shall appear and prosecute when the officer sought to be removed is other than himself."

Section 66.18 provides that a removal proceeding shall be summary in its nature and shall be triable as an equitable action.

Section 66.6 states that upon the filing of the petition for removal, notice of the time and place of the hearing shall be served upon the accused. When a judge outside of the judicial district in which the action is pending has been appointed to hear the action and has fixed a time and place for the hearing, the clerk shall so notify the defendant.

In accord with these statutory proceedings the action for removal was entitled "State of Iowa ex rel. Carroll O. Switzer, County Attorney of Polk County, Iowa, plaintiff, v. Myron J.

Bennett, defendant." On application to the chief justice of this court by the county attorney, the Honorable G. K. Thompson, a judge of the Eighteenth Judicial District of Iowa, was appointed to hear and determine the removal proceedings. After a trial on the merits in which Edwin S. Thayer, Assistant County Attorney of Polk County, Iowa, appeared for and prosecuted the suit for the state of Iowa, as plaintiff, and J. R. McManus and Don G. Allen appeared as attorneys for and represented the defendant, Bennett, the court, upon full argument and submission, on November 12, 1948, ordered the petition of the plaintiff to be dismissed and the defendant restored to his office.

In the concluding paragraph of the court's opinion and decision, the court stated: "Further orders will be made as to taxation of costs, defendant's counsel fees, and other necessary expenses, and the court retains jurisdiction of this case for that purpose. To all of which plaintiff excepts." Pursuant to said paragraph, the cause came on for hearing on the matter of the taxation of attorneys' fees and other proper expenses, on November 26, 1948, and after the taking of evidence and consideration thereof, the court filed and entered the enrolled order, to wit:

"The court, being now fully advised and satisfied in the premises, finds that defendant's counsel, J. R. McManus and Don G. Allen, rendered services in the preparation and trial of this cause in the reasonable and actual value of $2,000 * * *. The court further finds that under provisions of section 66.23, the defendant having been and being a public officer of the city of Des Moines, said attorney fees should be taxed against the city of Des Moines, together with the court costs herein, and judgment is hereby rendered in favor of defendant for the services of his attorneys * * * in the amount of $2,000, and for court costs, all against the city of Des Moines, Iowa."

Section 66.23, Code of 1946, to which the court referred in its ruling provides as follows:

"If the petition be dismissed on final hearing on the merits, the defendant shall have judgment against the state, if the action was instituted by the attorney general, and against the county, city, town, or other subdivision of the state if the action is otherwise instituted, for the reasonable and necessary expenses in-

curred by the defendant in making his defense, including a reasonable attorney fee, to be fixed by the court or judge. Such payment shall be made out of any funds in the state treasury not otherwise appropriated, or out of the general fund of the county, city, town, or other subdivision of the state, as the case may be."

Section 66.21, Code of 1946, provides, that when an appeal has been taken in a removal proceeding the supreme court shall advance the cause and give it precedence over all other causes on the calendar. No appeal is pending in this court. The order dismissing the plaintiffs' petition in the removal suit and restoring the defendant to his office is a finality. The amount of the allowance is not involved in this proceeding.

I. The cause is before the court on the respondents' return to the writ of certiorari setting out petitioner's petition and the court's findings, opinion and rulings. The petitioner and respondents each have filed a brief and argument.

Rule 306 of the Iowa Rules of Civil Procedure states:

"A writ of certiorari shall only be granted when specifically authorized by statute; or where an inferior tribunal, board or officer, exercising judicial functions, is alleged to have exceeded its, or his proper jurisdiction or otherwise acted illegally." Rule 308 of said rules states: "* * * the relief by way of certiorari shall be strictly limited to questions of jurisdiction or illegality of the acts complained of, unless otherwise specially provided by statute."

There are no special statutory provisions involved in this proceeding.

The only proposition relied upon by the petitioner to sustain the writ of certiorari is that the district court was without jurisdiction to render judgment against it for the attorney fees. The petitioner seeks to make two propositions by adding to the sentence just preceding that the court "exceeded its proper jurisdiction and acted illegally in entering said order and judgment and the same is utterly void for want of jurisdiction." The sole basis for petitioner's contention that the district court was without jurisdiction or exceeded its jurisdiction is thus stated by it:

"According to the record of said cause * * * the petitioner * * * was never impleaded in said cause either as a party plain-

tiff or defendant. At no time was there any process or service of notice served upon the petitioner * * * either in the inception of the action, during the trial of the cause on its merits, or on the hearing on the matter of the taxation of attorneys' fees and costs, or at any time. The petitioner herein was never at any time represented by counsel in any of the actions or proceedings had or taken therein. The petitioner was never at any time a party to the action."

If all factual matters in the quoted excerpt were accepted as true, they do not establish either lack, or excess, of jurisdiction in the district court in rendering judgment for the attorneys' fees and other expenses of Bennett in making his defense against the City of Des Moines.

The petitioner does not contend that chapter 66 or any section of it is invalid or contravenes the Constitution of Iowa. We must accept it as a valid and a constitutional enactment. Neither does the petitioner point out any section of the chapter that was violated in bringing the removal action or in the preparation of the petition or in the prosecution of the trial. Petitioner complained because it was not joined as a party plaintiff or as a party defendant. The statute designates who shall be the parties to the action. It specifies that the petition shall be filed in the name of the state, that is, the state shall be the plaintiff, and that the "accused" shall be named as the defendant. There is no requirement in the statute that the state, district, county, city or town, or other municipality, of which the accused is an officer, shall be made a party to the proceeding as plaintiff, defendant or intervenor.

Petitioner complains that no notice was ever served upon it. Not being a party, it was not entitled to any notice. The only notices provided for in the chapter are those to be served on, or given to, the accused. Petitioner refers to the action as involving two proceedings, one to determine the issue of removal, and the other to determine and tax the costs. Both matters are but parts of a single action. If the petition is dismissed on the merits both matters are ipso facto thereby determined. If the accused is an officer of the state and the action was instituted by the attorney general the defendant shall have judgment against the state. But if the action was instituted by the county

attorney or otherwise instituted "the defendant shall have judgment * * * against the county, city, town, or other subdivision of the state * * * for the reasonable and necessary expenses incurred by the defendant in making his defense, including a reasonable attorney fee, to be fixed by the court or judge." The major part of the expense would be the fees of the attorneys. Section 66.23 of the chapter is evidence that the legislature thought the judge or court before whom the proceedings were had was the one best qualified to know the reasonable value of these services, and to "fix" them. In this proceeding the defendant was an officer of the City of Des Moines, and the judgment was properly rendered against it. There is no ambiguity or lack of clarity in section 66.23.

Petitioner does not complain about the order dismissing the petition in the removal action. It apparently concedes that there was no lack or excess of jurisdiction of the court in entering that order on the very issue which was the purpose of the proceeding, but it inconsistently claims that the judgment against the city, a mere incident of the action, "is utterly void for want of jurisdiction."

█ █ Petitioner also urges that it was at no time in the removal proceeding represented by counsel. Such conclusion is a misconception of the scope and purpose of said chapter 66. It is true that it was not represented by its corporation counsel, its city solicitor, or any other attorney in its employ. But it was represented by the county attorney, and the assistant county attorney, Edwin S. Thayer, who had active charge of the prosecution and the trial. Under Code section 66.11 the county attorney was required to appear and prosecute the defendant as one of the duties of his office in the exercise of the sovereign power of the state and in the discharge of its governmental responsibilities toward every person entitled to its protection, and every municipal agency directly involved. A proceeding to remove a public officer under this statute is a drastic one and is penal or quasi-criminal in character. Tennant v. Kuhlemeier, 142 Iowa 241, 244, 120 N.W. 689, 19 Ann. Cas. 1026; State ex rel. Fletcher v. Naumann, 213 Iowa 418, 422, 239 N.W. 93, 81 A. L. R. 483. The county attorney in performing his statutory duty in prosecuting such an action is performing a duty and responsibility closely

akin to his prosecution of a criminal charge. He is acting in the interest of the public generally.

This court has often said that the primary purpose of the statutory provisions in chapter 66 and of the earlier similar legislation is for the public benefit and to protect the public interest, and is based on the principle of public policy. State ex rel. Barker v. Meek, 148 Iowa 671, 680, 127 N.W. 1023, 31 L. R. A., N. S., 566, Ann. Cas. 1912C 1075; State v. Manning, 220 Iowa 525, 528, 259 N.W. 213; State ex rel. Collins v. Garretson, 207 Iowa 627, 633, 223 N.W. 390; State ex rel. Fletcher v. Naumann, supra, 213 Iowa 418, 421.

Under chapter 66 the petition is filed and the action is brought in the name of the state but always "ex rel." (ex relatione), or on the relation or information of the attorney general, the county attorney, or by a specified number of private citizens. But whether the relators be public or private they act in the name of the state and as representatives of the community and the public generally. In a similar proceeding, State ex rel. Gebrink v. Hospers, county attorney, 147 Iowa 712, 714, 715, 126 N.W. 818, 819, Ann. Cas. 1912B 754, the court said:

"The proceeding, though prosecuted upon the relation of private citizens, is essentially one in which the relators stand in a representative capacity. They speak for the public and the law, and the courts take cognizance of their complaints not to remedy their private wrongs, but to conserve public interests."

In a like case, State ex rel. v. Canning, 206 Iowa 1349, 1354, 221 N.W. 923, the court repeated the quotation from State ex rel. Gebrink v. Hospers, supra. There is no merit to the position taken by the petitioner that no counsel represented it in the removal action.

Petitioner argues that the order and judgment of the district court takes from it "a fixed sum of money which is the property of the municipal corporation." It loses sight of the fact that the city of Des Moines, as are all other cities, towns and municipalities, in the exercise of its political and governmental functions, is but an arm, agency or instrumentality of the state, whose creature it is, having and exercising only such power and authority as has been delegated to it by express legislation. The

money which the petitioner collects by .taxation or otherwise, it receives only by legislative authority. What the state gives it can as readily take away. As stated by the eminent jurist and authority on municipal corporations, Chief Justice Dillon, speaking for himself and his able associates, Justices Cole, Wright, and Beck, in City of Clinton v. Cedar Rapids '& Missouri River R. Co., 24 Iowa 455, 475:

"Municipal corporations owe their origin to, and derive their powers and rights wholly.from, the legislature. It breathes into them the breath of life, without which they cannot exist. As it creates, so it may destroy. If it may destroy, it may abridge and control."

In State ex rel. White v. Barker, 116 Iowa 96, 102, 103, 89 N.W. 204, 206, 57 L. R. A. 244, 93 Am. St. Rep. 222, the court said:

"Under our form of government the legislature creates municipal corporations, defines and limits their powers, enlarges or diminishes them at will, points out the agencies which are to execute them, and possesses such general supervision over them as it shall deem proper and needful for the public welfare. As to all matters of public concern, such as relate to the performance by the city of functions as an agent of the state, the legislature is unlimited in its power. [Citing cases.] Neither the charter of a municipal corporation nor any legislative act regulating the use of property held by it for governmental purposes is a contract within the meaning of the constitutional inhibition of laws impairing the obligation of contracts, and where there is no constitutional restriction, either express or implied, upon the action of the legislature, it has absolute control to create, change, modify, or destroy such corporations at pleasure."

This is the general rule in 'other jurisdictions. It has been often repeated by this court. See Iowa-Nebraska L. & P. Co. v. City of Villisca, 220 Iowa 238, 246, 261 N.W. 423; State v. Manning, supra, 220 Iowa 525, 536, 537, 259 N.W. 213; Dodds Co. v. Consolidated Sch. Dist., 220 Iowa 812, 815, 816, 263 N.W. 522; Carroll v. City of Cedar Falls, 221 Iowa 277, 280, 261 N.W. 652; Iowa Electric L. & P. Co. v. Town of Grand Junction, 221

Iowa 441, 445, 446, 264 N.W. 84; Christensen v. Town of Kimballton, 212 Iowa 384, 386, 236 N.W. 406; Van Eaton v. Town of Sidney, 211 Iowa 986, 989-991, 231 N.W. 475, 71 A. L. R. 820; Central States Elec. Co. v. Incorporated Town of Randall, 230 Iowa 376, 379, 380, 297 N.W. 804; Brutsche v. Incorporated Town of Coon Rapids, 218 Iowa 1073, 1076, 1077, 256 N.W. 914; State ex rel. Welsh v. Darling, 216 Iowa 553, 562, 246 N.W. 390, 88 A. L. R. 218; City of Pella v. Fowler, 215 Iowa 90, 99, 244 N.W. 734; Carlton v. Grimes, 237 Iowa 912, 943, 944, 23 N.W. 2d 883; City of Onawa v. Mona Motor Oil Co., 217 Iowa 1042, 1045, 252 N.W. 544.

In adopting chapter 66 of the 1946 Code the legislature had the power to prescribe the procedure for the removal of a public officer from his office, and to designate the persons and agencies who should enforce it. Particular expression is given to this principle in Eckerson v. City of Des Moines, 137 Iowa 452, 465, 115 N.W. 177, 183, a well-considered and often quoted decision. The court said:

"From this comes readily the conclusion that there was committed to the general assembly, as part of the legislative authority vested in it, full and plenary power to select the agencies appropriate in its judgment to the purpose, and to clothe such agencies with powers to be exercised in manner and form as prescribed therefor. Indeed, this must be so. Inherent in the unrestricted authority to organize is the authority to prescribe powers within general constitutional limits, and to designate the officials upon whom shall rest the duty of carrying such powers into execution."

To like effect, the court in Schneberger v. State Board of Social Welfare, 228 Iowa 399, 404, 291 N.W. 859, 861, speaking through Justice Hale, said, by quotation from Reif v. Barrett, 355 Ill. 104, 132, 188 N.E. 889, 900: "Legislative power is authority to pass rules of law for the government and regulation of people or property. Where the legislative body has the power to enact a law as a necessary adjunct to such power it has the legal right to adopt a procedure for the administration of such law."

Petitioner argues that simply because it had knowledge of the removal proceeding that fact did not give the court juris-

diction over it, since jurisdiction could be acquired only by statutory service of notice. No one contends otherwise. But we must presume that it knew the law, and the provisions of chapter 66 and section 66.23, and with that knowledge it should have realized that the defendant's defense expense might be charged against it. If it wished to participate in that phase of the hearing it could have intervened or applied to the court to intervene. Other citizens and an attorney attempted to intervene and join with the state. There was much publicity about the case. Defendant was suspended from his office. His chair was vacant at the council table of the city. Petitioner was no doubt fully informed about the facts and of its rights, but it took no action.

Chapter 66 provided a complete code of procedure in the removal suit—a summary procedure to be speedily prosecuted in the trial and appellate courts. The procedure is neither new nor novel. The right of an officer, who defeats an action for his removal from office, to recover the expense of his defense is quite generally recognized. As said in In re Kane v. McClellan, mayor of New York City, 110 App. Div. 44, 47, 96 N. Y. Supp. 806, 808, in discussing a section in the city's charter granting such recovery:

"The conditional promise to reimburse contained in such statute may be regarded as a part of the compensation which the state, city, or town, as the case may be, stipulates that the officer shall receive in return for the services to be by him rendered. In this sense, the purpose to be subserved is a public purpose, just as is the purpose in view in providing a specified salary—that is to say, the procurement of suitable and qualified persons to discharge the duties of the office. It is quite conceivable that a man who would otherwise hesitate or refuse to undertake the duties of a public office for the pecuniary compensation attached thereto by law, might be most willing to do so if assured in advance that he would not himself be compelled to pay out of his own pocket for the successful refutation before a criminal court of an unjust accusation affecting his official probity and conduct; and the assurance against such a liability, which is virtually provided by the charter provision under consideration here, might well operate with many persons as an inducement to enter the public service. In this view such legislation seems pro-

motive of the general welfare, and in no sense objectionable. For this reason, irrespective of any other arguments which might be advanced in support of the validity of this legislation, we regard it as constitutional."

See also Gavin v. Board of Supervisors, 221 N. Y. 222, 116 N.E. 996, 997; In re Deuel v. Gaynor, 141 App. Div. 630, 126 N. Y. Supp. 112–118; Curry v. City of Portage, 195 Wis. 35, 217 N.W. 705–708; Page v. Milwaukee County, 230 Wis. 331, 283 N.W. 833–835.

In New York, according to the cases supra, the complaint for the removal of a public officer is filed with the Governor of the state, and he rules on the matter personally or by a referee. The municipality is not a party, and the proper officers of the particular municipality are required to audit and pay the defendant's expenses, including reasonable attorney fees.

This court has acted in a situation similar to the one before us, but involving a county. State ex rel. Crowder v. Smith, 232 Iowa 254, 264, 265, 4 N.W. 2d 267, 272, was an action to remove the defendant, a member of the board of supervisors of Wapello County. The relators were five citizens of the county. The attorney general of the state prosecuted and tried the action. The county was not a party nor represented. Private attorneys for defendant conducted the defense, and were successful. On appeal, this court held: "It is ordered that the costs in this court, including transcription of the reporter's notes, printing abstracts and briefs, and an attorney's fee of $350 for defendant's counsel, also be taxed by the trial court against Wapello County." The trial court had taxed the costs including attorney fees against the relators under section 1111, Code of 1939 (section 66.23, Code of 1946).

We find no merit in the petitioners' propositions for sustaining the writ of certiorari. The writ is therefore annulled.—Writ annulled.

All JUSTICES concur.