**PATRIOTIC INS. CO. OF AMERICA v. CAMERON–BRACHEEN CO. (No. 3623.)**

Court of Civil Appeals of Texas. Texarkana. Dec. 29, 1928.

Rehearing Denied Jan. 31, 1929.

E. G. Senter and Carl B. Callaway, both of Dallas, for plaintiff in error.

O. C. Mulkey, of Commerce, and Clark, Harrell & Starnes, of Greenville, for defendant in error.

LEVY, J. The defendant in error, a corporation, was engaged in the mercantile business. Its stock of merchandise and the fixtures in the building were totally destroyed by fire, occurring on December 27, 1926. The suit was brought by defendant in error upon an alleged oral contract of renewal of a policy of $1,000 upon the fixtures, entered into between the plaintiff in error's agent and the defendant in error's manager before the fire. The plaintiff in error answered by general denial, plea of estoppel, and by way of reconvention sought to recover $1,609.77 upon the ground, namely: "That plaintiff collected and received from defendant under proofs of loss submitted by plaintiff to defendant the sum of $1609.77 in excess of the amount which it was lawfully entitled to collect from defendant; that said payment was made by defendant to plaintiff under a mistake of fact and without any lawful liability upon its part to plaintiff, which fact was at the time unknown to the defendant; that by reason thereof the defendant is now entitled to recover said sum from plaintiff, and sues in reconvention thereof." The case was tried without a jury, and the court entered judgment for the plaintiff for $973.04, with legal rate of interest, and denied a recovery to defendant on the plea of reconvention.

The court made and filed findings of fact in keeping with evidence sufficient to support them.

The court made the finding that, before the expiration of the·policy issued on October 29, 1925, covering fixtures in the sum of $1,000, the defendant in error requested and the plaintiff in error's agent agreed to renew and rewrite the policy in same amount and on the same fixtures. The contention that this finding is without evidence to warrant it must be overruled. Therefore, in view of the evidence, the defendant in error was entitled to the judgment as rendered. According to the evidence, the valuation placed on the fixtures in the adjustment of the loss was $5,189.52. Three-fourths of this agreed valuation amounted to $3,892.14. Insurance to the amount of $3,000 was carried by companies other than the plaintiff in error. The $1,000 insurance in suit·added to the $3,000 would make $4,000 of insurance. Under the coinsurance clause the plaintiff in error would be liable for one-fourth of the three-fourths value of the fixtures, which would be $973.04, and for which judgment was rendered. The adjustment of the loss on the stock of merchandise, occurring some 30· days prior, was separate and apart from the adjustment of the loss on the fixtures. The evidence warrants the trial court's finding of fact, in the adjustment of the loss on the fixtures, that the adjusters acting for plaintiff in error declined and refused to pay for plaintiff in error "anything upon the contract of insurance herein" and "the amount paid to plaintiff in the adjustment of the loss on the fixtures lacked $973.04 of being the amount

that would have been paid to the plaintiff on its loss upon fixtures if the defendant had admitted and not denied liability under the contract of insurance herein sued upon."

The controlling question, according to the record, is that of whether or not the plaintiff in error was entitled to recover upon the claim pleaded in reconvention. The plea is founded on the claim that the plaintiff in error, without legal liability therefor and by mistake, paid to defendant in error $1,609.77. The claim has reference to the adjustment of the loss on the merchandise. The court made the finding that there was no mutual mistake of plaintiff in error and defendant in error in regard to the payment of that sum of money. It appears that at the time of the fire the defendant in error apparently had policies of insurance on its stock of merchandise aggregating $26,000, issued by various companies. Three of the policies of $2,000 each appeared to have been issued by the plaintiff in error. Proofs of loss were made by defendant in error on all the policies. At the time the adjusters of the several companies came to adjust the loss, the defendant in error handed all the policies to them. As testified by defendant in error's manager, when the adjusters came he "went over to Mr. Fuller's office (the plaintiff in error's local agent) and got the policies" which were issued by plaintiff in error. The agent, it seems, had not at the time delivered them to defendant in error. The local agent had rewritten three, instead of two, policies of $2,000 each upon the merchandise. The issuance of three policies upon the merchandise was a mistake, and the insured was not insisting upon nor making any claim but upon two of them. The defendant in error had instructed the local agent to renew only two of the policies on the merchandise upon the expiration of the 1925 policies. As admittedly shown, the adjusted cash value of the merchandise loss was $27,902.70, from which was deducted one-fourth under the three-fourths clause of all the policies, leaving $20,927.03 as the aggregate amount of insurance payable by all the insurance companies to defendant in error. Under the co-insurance clause of the policies, each company was liable for its proportion only of three-fourths of such cash value. The $20,-927.03 insurance was paid to defendant in error by all the insurance companies, the plaintiff in error paying the proportion thereof of $4,829.31 in three checks of $1,609.77 each. It appears that in fixing plaintiff in error's proportion payable as between the several insurance companies, the adjuster included the $2,000 policy which defendant in error did not claim to be rightfully existing, thereby raising the plaintiff in error's proportion of the total value on the basis of $6,000 insurance instead of $4,000. It was admittedly proven that in arriving at plaintiff in error's proportion payable the inclusion of the $2,000 was insisted upon by the adjuster, notwithstanding the insistence of the defendant in error that it was making no claim upon it, and was not inadvertently done as by mistake. It is perceived that the defendant in error was paid no greater sum of insurance in the aggregate than it was rightfully entitled to be paid by all the insurance companies. Although the plaintiff in error contributed to that fund, or aggregate amount, $1,609.77 more than its proportionate amount, yet such overpayment was attributable solely to the method used by the adjuster, and seemingly at the time accepted by the plaintiff in error, in arriving at the proportion payable by plaintiff in error, as between it and the other insurance companies. The plaintiff in error's proportion was reckoned on the basis of $6,000 instead of $4,000 insurance carried. As a consequence, the other insurance companies paid $1,609.77 too little as their proportion. Such adding of the $2,000 cannot, under the circumstances, as the trial court correctly concluded, constitute a mistake so as to be ground of relief in a suit against the defendant in error. That was the ground specially pleaded for relief against defendant in error. The elements of knowledge and intention contradict the essential conception of mistake. The defendant in error was not making claim on the $2,000 policy, and there was no mistake on his part. The defendant in error, it seems, applied the particular $1,609.77 payment along with all the other payments of all the insurance companies, on the entire indebtedness due it on loss of merchandise, as a fund in full extinguishment of the aggregate sum of $20,-927.03. In such circumstances the bare fact that the plaintiff in error overpaid into the fund $1,609.77, as in behalf or benefit of the other insurance companies, would not be ground of remedy as against the defendant in error, as correctly held by the trial court.

The judgment is affirmed.