## MILLER et al. v. AMERICAN MORTGAGE CORPORATION.

### No. 3102.

Court of Civil Appeals of Texas. El Paso.
Jan. 3, 1935.

Rehearing Denied Jan. 24, 1935.

Harrell & Allison, of Breckenridge, for appellants.

Logan Ford and Worsham, Rollins, Burford, Ryburn & Hincks, all of Dallas, for appellee.

WALTHALL, Justice.

We accept the statement of the nature and result of the suit contained in appellants' brief. It is substantially as follows:

This suit was filed in the district court of Dallas county, Tex., on December 19, 1933, by the American Mortgage Corporation against A. H. Miller, Jesse R. Smith, and M. E. Daniel.

The cause of action asserted against A. H. Miller was one for debt alleged to have arisen under the terms of a certain contract entered into on the 19th day of April, 1929, between American Mortgage Corporation and A. H. Miller. It was alleged in plaintiff's petition that the said American Mortgage Corporation had agreed to purchase from the defendant Miller promissory notes secured by real estate liens to the extent of $25,000, average outstanding, and to remit to the defendant Miller the net proceeds of such notes upon receipt of same and acceptance by it. It was further alleged that the said Miller for $1 and other valuable considerations agreed and bound himself to pay to the American Mortgage Corporation the amount of any loss or losses on notes accepted by it in the year 1929 under said contract, and further agreed to pay any loss or losses on notes accepted by it during any calendar year thereafter, provided, however, that the defendant Miller should not be required to pay sums aggregating more than $1,000 for losses on loans accepted by it in the year 1929, and not more than that amount for losses during any calendar year thereafter.

The cause of action asserted against Jesse R. Smith and M. E. Daniel was upon a contract of guaranty executed by them on the 19th day of April, 1929, and delivered to the American Mortgage Corporation, wherein they agreed to pay said corporation any and all indebtedness not exceeding $1,000, which the defendant Miller might at any time thereafter owe to the corporation, provided said indebtedness arose in connection with the contract of Miller with said corporation above mentioned.

The plaintiff corporation then alleged that it had sustained certain losses on a list of notes set out in said petition which had been purchased by it from the defendant Miller, amounting to the sum of $1,000 for the year 1929, and the sum of $518.98 for losses sustained on notes accepted during the calendar year 1930. Judgment was asked against the defendant Miller for the sum of $1,518.98, with interest, and against the defendants

Jesse R. Smith and M. E. Daniel, jointly and severally, for the sum of $1,000, with interest, and for general relief.

Within the proper time, the defendant Miller filed his plea of privilege in proper form to be sued in Stephens county, Tex., the county of his residence.

On the same date, the defendants Jesse R. Smith and M. E. Daniel filed their plea of privilege in due form to be sued in Stephens county, Tex., the county of their residence.

On January 29, 1934, the plaintiff corporation filed its controverting affidavit to both pleas of privilege.

Upon hearing on said controverting affidavit, both pleas of privilege were overruled, to which action of the court all defendants then and there gave notice of appeal to the Court of Civil Appeals.

### Opinion.

Appellants filed assignments of error, incorporated them in their brief, and based thereon submit propositions upon which their appeal is predicated.

Appellants submit, first, that appellee had failed to prove that the contract of appellant Miller was performable in Dallas county, as alleged in its controverting affidavit, and for that reason the plea of privilege should have been sustained; second, that the contract with Miller, sued upon, did not provide the place for the payment of any sums that might become due thereunder by reason of a breach thereof, but only provided that the provisions of said contract should be enforcible in Dallas county, which provision is an attempt to fix by contract the venue of any action arising on the breach thereof is void, and, for that reason, appellant Miller's plea of privilege should have been sustained.

The portion of the contract material to the consideration of the two propositions is as follows:

"1. In consideration of the covenants and agreements hereinafter set out, the said American Mortgage Corporation, Party of the First Part, agrees to purchase from Party of the Second Part, Promissory Notes secured by real estate to the extent of Twenty-five Thousand ($25,000) Dollars average outstanding, and to remit net proceeds promptly as papers are received, provided said notes are in accordance with the plans, rates and requirements regularly in use by said First Party at the time such notes are offered for discount, by said Second Party, all, however, subject to the exceptions and provisions hereinafter named. So long as this contract is in force, said First Party agrees to confine its purchases of such paper exclusively to the said Second Party, as applies to the City of Breckenridge.

"7. For One Dollar, and other valuable considerations said Party of the Second Part agrees and binds himself to pay said Party of the First Part the amount of any loss or losses on notes accepted in the year 1929 under this contract, and agrees to also pay any loss or losses on notes accepted in any calendar year thereafter. Said payment to be made with the following conditions: When, as and if losses to said First Party shall occur, said Second Party shall, on demand, pay over in cash to said First Party, the amount of said losses, but Party of the Second Part shall not be required to pay sums aggregating more than $1,000.00 on the loans accepted in the year in which this Contract is signed, and shall not be required to pay sums aggregating more than that amount on the losses of any single year thereafter.

"9. No written or verbal representations, statements, or promises other than stipulated herein, or authorized in writing by the President of said American Mortgage Corporation, shall be binding on the said First Party. It is agreed that all of the provisions herein named are inforcible in Dallas County, Texas."

Appellant Miller's plea and the undisputed evidence shows that at all the times involved in this controversy Miller's residence was in Stephens county.

Appellee's controverting affidavit, after referring to the original petition and quoting paragraphs 7 and 9 from the contract above set out, contained the following allegation: "Plaintiff would therefore show that under the facts alleged in the pleadings of plaintiff herein referred to, and the truth of the facts so alleged, this court has venue over the cause of action as against the defendant A. H. Miller for the reason that the plaintiff's cause of action as against such defendant is based upon a contract in writing executed by said defendant and by him expressly performable in Dallas County, Texas, and therefore comes within the purview of the Revised Civil Statutes of Texas of 1925, Article 1995, subdivision 5."

The evidence is sufficient, prima facie, to show that appellant Miller signed the contract sued on. The written contract was produced in evidence. Subdivision 5 of article 1995, of the Statute, reads: "If a person has

contracted in writing to perform an obligation in a particular county," suit may be brought in such county.

■ It was incumbent upon appellee to have the venue in Dallas county court to plead and prove that Miller had contracted in writing to perform the contract sued on in Dallas county.

■ In addition to the several mutual obligations in the written contract, not copied here, portions of paragraph 7 of the contract above quoted read: "Party of the second part (Miller) agrees and binds himself to pay said party of the first part the amount of any loss"; "and agrees to also pay any loss"; "and shall, on demand, pay over 'in cash to said first party, the amount of any losses."

Paragraph 9 of the same contract provides that: "It is agreed that all of the provisions herein named are inforcible in Dallas County, Texas."

The controverting affidavit referring to the above-quoted provision of the contract, and in quoting same uses the word "enforcible" instead of the word "inforcible," as in the contract. The word is used only as fixing the place where performance of the obligation is to be made, and we think such construction must be given it. Considering the contract as a whole, and especially the use of the expressions "agrees to pay," preceding the provision: "It is agreed that all of the provisions herein named are inforcible in Dallas County, Texas," must necessarily be construed that Miller thereby contracted in writing to perform an obligation in Dallas county.

Appellants, in the brief, as we construe it, insist that the provision in the contract providing that the contract is enforcible in Dallas county is contrary to public policy in that it is a bargaining contrary to the law as to venue, and cites the cases of International Travelers' Ass'n v. Branum, 109 Tex. 543, 212 S. W. 630; Smith v. Hartt & Cole (Tex. Civ. App.) 13 S.W.(2d) 409; Turner v. Ephrian (Tex. Civ. App.) 28 S.W.(2d) 608, and other cases, in which it is held that stipulations in a contract whereby it is agreed to change the law with reference to venue is void.

■ We do not so construe the contract. The statute does not make the contract pleaded here performable at any place and the parties to the contract could make it enforcible in Dallas county if they so desired. The word "enforcible" is used in multiplicity of ways and is given many shades of meaning and applicability. It does not necessarily imply actual force or coercion. It may mean to be executed; to put into execution; to cause to take effect. 2 Words and Phrases, Second Series, p. 273; Black's Law Dictionary (2d Ed.) p. 258; Sharp v. State, 109 Neb. 766, 192 N. W. 726, 728; Tennant v. Kuhlemeier, 142 Iowa, 241, 120 N. W. 689, 693, 19 Ann. Cas. 1026; Hillyer-Deutsch Lumber Co. v. Clark (Tex. Civ. App.) 185 S. W. 1038; Whisenant v. Schawe (Tex. Civ. App.) 141 S. W. 146. As said in Texas Jurisprudence, vol. 10, p. 282, par. 164, the intention of the parties to a contract must be construed as a whole and its provisions taken together to ascertain its meaning and effect.

■ By their third proposition appellants submit that the makers of the notes upon which the losses are alleged to have been sustained are not made parties to the suit, nor any reason given for not making them parties, "and since appellant (presumably Miller) is only a guarantor of any losses sustained by appellee on such notes," no cause of action triable in Dallas county is stated against him, and his plea of privilege should have been sustained.

The losses are alleged to have been sustained by appellant on certain notes executed in the years 1929 and 1930 by parties not made parties to the suit, and no reason is stated in the petition or in the controverting affidavit or in the evidence heard on the pleas why they are not made parties.

The parties sued are Miller, Smith, Daniel, and Jandrew, the last-named receiver of the American Motors Finance Company, a corporation. Jandrew does not appeal.

The contract sued upon, and the guarantee contract sued upon, are lengthy and we will state only such parts of each as we think sufficient to make clear our observations under the above proposition.

The contract sued upon was made between the American Mortgage Corporation of Dallas, Tex., a Texas corporation, and A. H. Miller of Breckenridge, Tex. The contract recites that the corporation agrees to purchase from Miller certain promissory notes and to remit net proceeds as papers are received, under the provisions and exceptions stated; Miller agreed to follow out stated instructions and directions of appellee; agreed that he was not the agent of appellee, but was the agent of the signers of the notes.

For the consideration stated, Miller agreed to pay appellee the amount of any loss or losses on the notes accepted when, as, and if losses to appellee shall occur as stated. The

petition itemizes the several losses and alleges that Miller failed to pay same.

The guarantee contract to appellee to performance of Miller's contract provides that appellants Daniel and Smith entered into the written contract guarantee by the terms of which they jointly and severally promise to pay to appellee and/or American Motors Finance Company, at Dallas, Tex., "any and all indebtedness · * * * which A. H. Miller * * * may at any time hereafter owe either of said corporations," provided said indebtedness arises in connection with and under the said above contract.

The guarantee contract is signed by appellants, Miller, Smith, and Daniel.

As we view it, the said notes are contracts separate and apart from the contract between Miller and appellee. The makers of the notes are not parties to either contract sued on here. Miller, and not the makers of the said notes, is the principal on the guarantee contract. The suit here is not based on the notes, but is based on Miller's contract for alleged losses sustained under said contract, and in which it is alleged Miller obligated himself to pay appellee for said losses, and the undertakings of the guarantors of Miller by reason of the alleged failure of Miller to pay said losses. We have concluded that appellant's references have no application under the above facts disclosed by the record.

Appellants submit appellants Smith and Daniel being only secondarily liable on Miller's obligation for losses sustained, "no independent cause of action existed against them until such losses had been established as against appellant Miller, and since no cause of action was pleaded or proved against appellant Miller there could be no cause of action against appellants Smith and Daniel," and their pleas should have been sustained.

■ On the hearing under the pleas it was incumbent on appellee to show, prima facie, a cause of action against each of appellants.

Appellants under this proposition discuss again their proposition that the pleading and evidence show no cause of action triable in Dallas county. We have, under a former proposition, expressed our view on that phase of the controversy, and need not again restate our view of that question. Appellants, under this proposition, concur that Smith and Daniel may be joined in the same suit with Miller and that the proper venue of the cause of action as to Miller would be the venue as to Smith and Daniel.

■ Considering the entire record in the case, we have concluded that a prima facie cause of action is shown as to all appellants, and that the suit is triable in Dallas county.

The case is affirmed.