IOWA ELECTRIC LIGHT & POWER COMPANY, Appellant, v. INCORPORATED TOWN OF GRAND JUNCTION, IOWA, et al., and FAIRBANKS, MORSE & Co., Appellees.

No. 42142.

292

December 12, 1933.

Donnelly, Lynch, Anderson & Lynch, Salinger, Reynolds & Meyers, and Graham & Graham, for appellant.

O. C. Metzger, George A. Rice, and Clark, Byers, Hutchinson & Garber, for appellees.

Evans, J.—The plaintiff brought its suit in equity to enjoin the defendants named above from certain procedure intended to install a public light and power plant in the town of Grand Junction. One of the grounds of attack was that the plaintiff itself had operated for many years, and was still operating, a distribution system of electric power and light for said town. The defendant answered the petition with certain averments to the effect that the franchise of the plaintiff had long since expired, and that it was maintaining its distribution system within the streets and alleys of the town of Grand Junction without authority of law, and that it was a mere trespasser. The said defendant also filed a cross-petition containing the same averments and praying for an ouster of the plaintiff and that it be required to remove from the town of Grand Junction its poles and wires constituting its distribution system within said town. The decree of the trial court dismissed the petition of the plaintiff and entered decree for the town of Grand

Junction, sustaining its prayer for ouster of the poles and wires of the plaintiff constituting such distribution system within said town. It later developed that, in the preparation of the formal decree to be entered by the court, the cross-petitioner sought to include within the order of ouster a certain independent transmission line which had no connection with the distribution system of the plaintiff within the town of Grand Junction, but which carried power and light to the towns of Dana and Paton. This transmission line passed through the town of Grand Junction and over its streets and alleys. No reference had been made to it in the pleadings. The only reference thereto in the evidence was purely incidental. The court thereupon reserved the question from the adjudication without prejudice to a future determination of the dispute, if any, between the parties. This reservation in the decree is the purported order from which the town of Grand Junction purports to appeal. The appeal in the main case by the plaintiff has been heretofore submitted to us, and is now pending before us. .The reservation in the decree from which the cross-petitioner appeals is as follows:

"It is further ordered, adjudged and decreed that upon objection of the Iowa Electric Light & Power Company the right of the said Company to maintain its electric transmission lines through the town of Grand Junction to the towns of Paton and Dana is not decided, but left open for such further action as the respective parties may determine."

The contention of the cross-appellant that the question here raised was within the issues is predicated upon an amendment to the cross-petition filed by it in the district court as follows:

"Come now the defendants herein and they and each of them in his and its own behalf amends the prayer for the relief contained in their original cross petition by adding thereto that the defendants and each of them further pray that an order of ouster be entered against the plaintiff from keeping, maintaining or otherwise occupying the streets, alleys and public places with its poles, wires and other property constituting its electric light and *power distribution system within the incorporated limits of the Town of Grand Junction, Iowa,* and that the Court fix and determine the date on which the plaintiff shall have removed all of the property *constituting its distribution system from the streets, alleys and public places within the corporate limits of Grand Junction, Iowa,* and that

upon its failure so to do within the time so fixed, that execution issue from the Clerk's office of the District Court of the State of Iowa in and for Greene County, directing the Sheriff of Greene County, Iowa, to forthwith remove all of the poles, wires and other property constituting the electric light and power distribution system of the plaintiff from the streets, alleys, and public places within the town of Grand Junction, Iowa, making return of his doings in this respect to the Clerk of said Court and the defendants further pray that all of the costs of this action be taxed to the plaintiff, and for such other and further relief as in equity they or either of them may be entitled."

We do not think that the foregoing amendment sustains the cross-appellant's contention. This was an amendment to the prayer. Presumptively it was intended to conform to the averments of the cross-petition. We find no reference therein to the independent transmission line. Reference is made therein repeatedly only to the "power distribution system within the incorporated limits of the town of Grand Junction, Iowa." The foregoing is not descriptive of the independent transmission line. If we should hold that this feature of the decree constituted in form an appealable order, yet we should have to hold also that the issue was not fairly within the contemplation of the pleadings, and that the court was for that reason justified in ignoring it. On the other hand, if we should hold that the order was not appealable, this would result in a dismissal of the appeal. The cross-appellant has little room for choice as between the two evils thus confronting it. Either one would be as grievous as the other. Whichever horn we take, we must yet leave the affirmative question of the propriety of the order undetermined.

The transmission line was laid upon the right of way of the M. & St. L. Railway. It was entirely independent of the power distribution system within the corporate limits of the town of Grand Junction. The right, if any, to maintain the transmission line and the right to maintain the power distribution system within the city had no relation to each other, and did not rest upon the same reason or right.

Without now passing upon the question of its appealability, we hold that the district did not err in entering the reserving order.

The decree is accordingly affirmed.

ALBERT, C. J., and KINDIG, CLAUSSEN, and DONEGAN, JJ., concur.