CENTRAL STATES ELECTRIC COMPANY, a Corporation, Appellant,
v. INCORPORATED TOWN OF RANDALL et al., Appellees.

No. 45593.

MAY 6, 1941.

C. E. Richman, C. A. Smedal, and Maher & Mullen, for appellant.

F. J. Lund, O. R. Larson, and Cor. Van de Steeg, for appellees.

MILLER, J.—Plaintiff's petition, filed November 8, 1940, asserts the following facts: plaintiff, a corporation, is engaged in selling electric current at both wholesale and retail; defendant, Town of Randall, was organized as a municipal corporation approximately four months before the filing of the petition and the defendant, Town of Story City, is a municipal corporation; the individual defendants are officers of the two towns; on February 20, 1940, the Iowa State Commerce Commission granted plaintiff a 25-year franchise to use the streets, alleys and public places in the Town of Randall, which was then an unincorporated village, it commenced to operate thereunder and is now using said streets, alleys and public places for such purpose; about July 1, 1940, the unincorporated village of Randall was incorporated under the provisions of Title XV of the Code, 1939; on November 2, 1940, a special election was held in the Town of Randall on the proposition of granting to the Town of Story City a franchise to erect, construct, operate and maintain a system for transmission, distribution and use of electricity for a period of 25 years; the proposition was declared to have carried; the Town of Randall will, if not enjoined, grant such franchise for the purpose of interfering with plaintiff's franchise and the Town of Story City will proceed to exercise the powers to be granted thereunder; the Town of Randall has no authority to grant such a franchise to the Town of Story City and, in attempting to grant such franchise and to exercise the powers granted thereby, the defendant towns are exceeding their powers conferred by law as municipal corporations; plaintiff has no adequate remedy at law, and will suffer irreparable injury if an injunction is denied. The prayer was for an injunction. A temporary injunction was issued.

Plaintiff amended its petition, asserting the following facts: plaintiff is a taxpayer in the Town of Randall, is the owner of valuable property situated therein which will remain therein

during the existence of plaintiff's franchise and will be subject to taxation; a copy of the proposed franchise ordinance was attached to the petition; from it, it appeared that in the proposition, submitted as aforesaid, was included a franchise for 25 years to furnish electric current to the Town of Randall and the inhabitants thereof with a residence and commercial retail rate schedule, a 20 percent discount for cash and a credit of 5 percent of the total of kilowatt hours used in the town upon the town's bill for energy furnished for public use. The amendment further asserted that taxes would be levied to pay for energy used for public purposes and the plaintiff, as a taxpayer, has an interest in the subject matter of the suit; the plaintiff has had for many years a distribution system in the Town of Randall which has been and is being used to supply electric energy to the inhabitants thereof; the purported franchise between the Town of Randall and the Town of Story City is wrongful, illegal, void and in violation of law.

The defendants filed a motion to dismiss the petition for the following reasons: (1) plaintiff has no interest in the subject matter of the action; (2) no violation of any of plaintiff's rights is shown, plaintiff's rights not being exclusive; (3) an injunction will not lie to enjoin such acts of municipalities; (4) plaintiff has a speedy remedy at law; (5) the defendant towns are authorized to carry out the acts complained of. The defendants also moved to strike the petition for the reasons urged in the motion to dismiss and for the additional reason that plaintiff's franchise terminated when the Town of Randall became incorporated.

The matter was submitted to the court. It determined that the fifth paragraph of the motion to dismiss is well grounded, that the defendant towns are authorized by law to carry out the acts complained of in the petition. Paragraph 5 of the motion to dismiss was sustained as were the motions to strike which were based upon the same contention. The plaintiff elected to stand upon its petition, as amended, and a decree was entered dismissing the action at plaintiff's costs, from which the plaintiff appeals.

From the pleadings above reviewed, it would seem readily apparent that the situation, with which the trial court was

confronted, is substantially as follows. The court assumed, and we think properly so, that the Town of Story City has a municipal electric light and power plant. The appellant has a franchise, granted by the Iowa State Commerce Commission, to furnish electric energy to the inhabitants of the Town of Randall, which was granted when that community was an unincorporated village. The court correctly held that the subsequent incorporation of the town did not invalidate the franchise. City of Beverly Hills v. City of Los Angeles, 175 Cal. 311, 165 P. 924. Appellant is supplying electric energy to the Town of Randall and its inhabitants and has a distribution system established in the town for that purpose. It is apparent that the Town of Randall has no distribution system of its own and does not contemplate constructing one. Instead, the Town of Randall proposes to grant to the Town of Story City a 25-year franchise, which contemplates that the Town of Story City will construct in the streets, alleys and public places of the Town of Randall a distribution system by which it will furnish electric energy to the Town of Randall for public purposes and to the inhabitants of the town for residence and commercial purposes at fixed retail rates. The question presented is whether the court correctly held that the two towns are authorized by statute to enter into such an arrangement.

In the case of Iowa Electric Co. v. Town of Cascade, 227 Iowa 480, 482, 483, 288 N. W. 633, we recognize that in this state a municipal corporation possesses only such powers as are conferred upon it by the legislature. We cite with approval and apply the following declaration appearing in Van Eaton v. Town of Sidney, 211 Iowa 986, 989, 231 N. W. 475, 476, 71 A. L. R. 820, to wit:

"A municipality is wholly a creature of the legislature, and possesses only such powers as are conferred upon it by the legislature: that is, (1) such powers as are granted in express words; or (2) those necessarily or fairly implied in or incident to the powers expressly conferred; or (3) those necessarily essential to the identical objects and purposes of the corporation, as by statute provided, and not those which are simply convenient. 1 Dillon on Municipal Corporations (5th Ed.), Section

237; Clark v. City of Des Moines, 19 Iowa 199; City of Clinton v. Cedar Rapids & M. R. R. Co., 24 Iowa 455; Heins v. Lincoln, 102 Iowa 69; State ex rel. White v. Barker, 116 Iowa 96; State ex rel. County Attorney v. Des Moines C. R. Co., 159 Iowa 259; Merrill v. Monticello, 138 U. S. 673 (34 L. Ed. 1069).''

Pursuant to the foregoing pronouncement, the question presented is whether the powers, which the Town of Randall and the Town of Story City now undertake to exercise, are granted to them by the legislature in express words or are necessarily and fairly implied in or incident to the powers expressly conferred upon them or necessarily essential to the identical objects and purposes of the corporations as by statute provided as distinguished from powers which would be simply convenient.

Appellant contends that the powers of a municipality to grant a franchise for the purposes involved herein are circumscribed by the provisions of section 6128 of the Code, 1939. This section must be interpreted with the section preceding it, 6127, which confers upon cities and towns the power to ''purchase, establish, erect, maintain, and operate within or without their corporate limits * * * electric light or power plants, *with all the necessary * * * poles, wires, burners, machinery, apparatus, and other requisites* of said works or plants.'' (Italics supplied.) Section 6128 provides as follows:

''They may grant to *individuals* or *private corporations* the authority to erect and maintain such works or plants for a term of not more than twenty-five years, and may renew, amend, or extend the terms of the grant; but no exclusive franchise shall be granted, amended, extended, or renewed.'' (Italics supplied.)

The trial court recognized that, if appellant's contention is well grounded, the motion to dismiss should have been overruled because section 6128 limits the power to grant such a franchise to individuals or private corporations and does not authorize a franchise to a municipal corporation.

Appellees rely upon section 6130 of the Code, 1939, and the court placed strong reliance upon the provisions of that section. It provides as follows:

''They may enter into contracts with persons, corporations,

or municipalities for the purchase of heat, gas, water, or electric current for either light or power purposes, for the purpose of selling the same either to residents of the municipality or to others, including corporations, and shall have power to erect and maintain the necessary transmission lines therefor, either within or without their corporate limits, to the same extent, in the same manner, and under the same regulations, and with the same power to establish rates and collect rents, as is provided by law for cities having municipally owned plants.''

The court also recognized that section 6130, as well as sections 6127 and 6128, must be interpreted with section 6131, which provides as follows:

''No such works or plants shall be authorized, established, erected, purchased, leased, or sold, or franchise granted, extended, renewed, or amended, or contract of purchase provided for in section 6130 shall be entered into unless a majority of the legal electors voting thereon vote in favor of the same.''

Appellant contends that, construing these two sections together, it is apparent that the only franchise contemplated is that provided for in section 6128 and that the power granted by section 6130 is limited to a contract of purchase, whereby one municipality undertakes to purchase from another municipality electric energy which it proposes to use for its public purposes and sell to its inhabitants through a distribution system of its own.

Appellant concedes that, under our holding in the case of Carroll v. City of Cedar Falls, 221 Iowa 277, 261 N. W. 652, if the Town of Randall had a distribution system of its own whereby it proposed to use for public purposes and to sell to its inhabitants electric energy supplied by Story City's municipal plant, both of the towns would be acting within the contemplation of sections 6130 and 6142 of the Code and the arrangement would be legal in all respects. Such would appear to be the express holding in that case. There the City of Cedar Falls had a municipal electric light and power plant and undertook to enter into a contract with the Town of Readlyn whereby the City of Cedar Falls would furnish the Town of Readlyn

with electric energy from the municipal light system of Cedar Falls. Readlyn is about 18 miles from Cedar Falls and under the contract Cedar Falls was to carry its high tension wires to the county line, about 16 miles from Cedar Falls, where the town of Readlyn was to connect with it and receive energy for its distribution system for use in Readlyn. The plaintiff, Carroll, a taxpayer of Cedar Falls, challenged the legality of such a contract. This court recognized that the contract was expressly authorized by section 6142 and the only questions discussed were those involving the constitutionality of the legislation. We held that the statute did not violate the constitution and that the arrangement was legal.

Section 6142 of the Code, which was construed by us in Carroll v. Cedar Falls, supra, is the counterpart of section 6130 of the Code. Whereas section 6130 authorizes a municipality to contract with another municipality to purchase electric current for light or power purposes, section 6142 authorizes the sale of the products of a municipal electric light or power plant to other municipalities, individuals or corporations outside the town limits. This section was also extensively interpreted by us in the cases of Town of Sibley v. Ocheyedan Elec. Co., 194 Iowa 950, 187 N. W. 560, and Meader v. Town of Sibley, 197 Iowa 945, 198 N. W. 72, both of which cases are relied upon by appellees herein.

The two Sibley cases involve the same contract. The town of Sibley operated a municipal electric light plant. It made a contract with the Ocheyedan Electric Company whereby it furnished current to the Electric Company, which company in turn supplied the towns of Ocheyedan, Harris and Lake Park through its distribution system. In the first Sibley case, in holding such a contract valid, we expressly distinguished the case from the situation with which we are now confronted, stating at page 959 of 194 Iowa, page 564 of 187 N. W., as follows:

"The situation in the instant case is not to be confused with the cases where cities and towns deal with a corporation operating under a franchise granted by the municipality, and within the limits of the municipality. We have no such situation here. We are expressly limiting our decision to the ques-

tion of the power of a municipal corporation to sell the product of a municipally owned plant to a party entirely outside the municipality, and to deliver such product to said buyer. We hold that, under the statute, this can be done, and that the city can make a valid contract for such sale of said product to such outside party, which contract will be upheld and enforced.''

The fact that the contract was one for the sale of current, as distinguished from a franchise to operate a public utility, is further emphasized in the second Sibley case, this court stating at pages 959 and 960 of 197 Iowa, page 78 of 198 N. W., as follows:

''The legislature clearly and expressly provided for the precise situation we have here. It directly authorized one municipality to 'sell' to another municipality. It likewise expressly empowered the other municipality 'to enter into a contract' to 'purchase' the product from the selling municipality. The statutes are not ambiguous. The legislature had power to enact them, and they are not invalid. * * *

''The contract clearly and unmistakably provides that the incorporated town of Sibley was to furnish electrical current to three 'outside' parties, 'at the corporate limits.' This is the contract. This is the thing by which the rights of the parties are fixed. This is the instrument which appellants declare is invalid. It is the contract that is in issue here; not what was done under it.''

The situation in the Sibley cases is clearly analogous to that presented in Carroll v. City of Cedar Falls, supra, and does not involve the question here before us.

The court below relied upon other sections of the Code in addition to those above cited, to wit: Sections 8310, 8311, 5904, 5905, 5949, 5975 sub. par. 1, 6141, and 6143. These statutes are cited to us by appellees and have been carefully considered. Sections 5949 and 5975 sub. par. 1 authorize towns to light and improve their streets and are not controlling here.

Sections 8310 and 8311 authorize towns to secure franchises from the Iowa State Commerce Commission for the purpose of constructing distribution systems outside their cor-

porate limits. These sections must be considered with section 8309 which provides that no electric transmission line may be erected, maintained or operated outside of cities and towns unless such a franchise is obtained.

Sections 5904 and 5905 authorize cities and towns to regulate transmission systems within their limits and provide that a franchise cannot be granted without an election. In the case of Town of Ackley v. Central States Elec. Co., 204 Iowa 1246, 214 N. W. 879, 54 A. L. R. 474, we held that the maintenance of an electric transmission line across streets and alleys of a town without a franchise right so to do not only constitutes a nuisance but a trespass upon the property of the municipality and may be enjoined irrespective of whether the town is damaged thereby.

By reason of the foregoing, the proposal herein is clearly more than a contract for the sale of electric current. The Town of Story City must have a franchise from the Commerce Commission to erect, maintain and operate its transmission line to Randall. And it cannot safely maintain a distribution system in Randall without a franchise. The proposed ordinance undertakes to grant a franchise. We are faced squarely with the proposition whether such a franchise can be granted.

The court below held that section 6128 of the Code, as applied to an electric utility, is limited to such instances where the power plant is situated in the town and that it does not apply to a distribution system supplied from a plant outside the town. We hold that the court placed too narrow a construction upon the statute.

In the case of Town of Ackley v. Central States Elec. Co., supra, there was only a distribution system involved. We held that it could not be operated without a franchise. Section 6128 is the only statute authorizing the granting of a franchise by a municipality to an electric utility. It must be interpreted as contemplating a distribution system.

It is a matter of common knowledge that many utilities have secured franchises for distribution systems where the generating plant was located outside the municipality involved. It has apparently been taken for granted that section 6128 should be so construed. We are unable to find a case where the matter

has been previously questioned. In the case of Iowa Elec. L. & P. Co. v. Grand Junction, 217 Iowa 291, 251 N. W. 609, a power distribution system is all that was involved. In the case of Iowa Power & Light Co. v. Hicks, 228 Iowa 1085, 292 N. W. 826, we sustained a writ of mandamus to compel an election on the question of granting a franchise for the operation of a distribution system. Many other cases might be cited. We are satisfied that section 6128 contemplates the granting of a franchise for the operation of a distribution system and that the court was in error in holding otherwise.

Our conclusion is strengthened by consideration of sections 6141 and 6143, relied upon by the court and cited by appellees herein. Section 6141 confers jurisdiction to a town over the distribution system of an electric utility. Section 6143 confers "power to require every *individual* or *private corporation* operating such * * * plant, subject to reasonable rules and regulations, to furnish any person applying therefor, along the line of its * * * wires, or other conduits, with * * * light, or power, and to supply said * * * town with * * * light, or power for other necessary public purposes and to regulate and fix the rent or rate for * * * light, or power; * * * to regulate and fix the charges for * * * electric light or power meters * * * for determining the consumption of * * * electric light or power, and these powers shall not be abridged by ordinance, resolution, or contract." (Italics supplied.) Such powers of regulation must have been intended to be exercised where a utility is operating under a franchise that pertains to an electric distribution system even if it is supplied by a generating plant located outside the particular town.

It will be noted also that the powers granted by section 6143 can be exercised only over individuals or private corporations so operating in towns. This is consistent with the interpretation of section 6128 that such a franchise can only be issued by a town to an individual or private corporation.

There is also to be considered the conflict of jurisdiction that might arise if one town were to grant to another town a franchise to operate as a public utility. Under sections 5904 and 6143, a town has broad powers of regulation over individuals and private corporations operating as public utilities. The

powers granted by section 6143 cannot be exercised over another municipal corporation and those granted by section 5904 might be difficult to determine if one municipality undertook to operate a public utility within the corporate limits of another municipality.

We are convinced that the legislature has not authorized the granting of such a franchise as was here attempted. Our conclusion is strengthened by the fact that the result, which the citizens of Randall appear to desire, can be legally accomplished by means of a contract such as we sustained in Carroll v. City of Cedar Falls, supra, or Town of Sibley v. Ocheyedan Electric Company, supra.

Appellees challenge the right of appellant to maintain this action. The court below held that there is no merit in the contention. We agree. Van Horn v. City of Des Moines, 195 Iowa 840, 191 N. W. 144, and cases cited therein.

By reason of the foregoing, the court erred in sustaining paragraph 5 of the motion to dismiss and the motion to strike. The court should have overruled both motions. The cause is reversed and remanded with instructions to enter an order overruling such motions and reinstating the action.—Reversed and remanded.

HALE, C. J., and MITCHELL, SAGER, OLIVER, BLISS, and WENNERSTRUM, JJ., concur.